ALBERT C. CLARK, Respondent, *v.* SYDNEY DILLON et al.,
Appellants.

The provision of the Code of Civil Procedure (§ 519), requiring that the
allegations of a pleading shall be literally construed, applies only to mat-
ters of form. It is still the duty of a party to present a clear and une-
quivocal statement of his cause of action or defense, and when a material
statement is susceptible of two meanings, the one most unfavorable to
the pleader must be taken.

While it is competent for the opposite party to move to make the pleading
more definite and certain, he is not bound so to do ; this burden may not
be cast upon him by the fault of the pleader.

Plaintiff's complaint alleged in substance that defendants excavated a pit
in a city street and left the same unguarded, in consequence whereof
plaintiff's wife, while passing along the street, fell into the pit and was
injured. The answer contained three defenses, separately stated. The
first alleged that the injuries complained of were caused and contributed
to by the injured party. The second set up a settlement and compro-
mise of plaintiff's claim. The third denied "each and every other alle-
gation" in the complaint not before specifically " admitted, qualified or
denied." *Held,* that the answer did not put in issue the allegations of the
complaint that defendants made the excavation which caused the injury,
and that the same was in a public street ; and, therefore, that plaintiff
was not required to prove the same on the trial.

*Allis* v. *Leonard* (46 N. Y. 688), *S. C.* (22 Alb. L. J. 28), distinguished.

Under the second defense defendants introduced in evidence the record in
an action brought by plaintiff's wife against defendants to recover dam-
ages for the same injury. In the answer in that action defendants ad-
mitted that the place of the accident was a public street, and that de-
fendants caused the excavation. *Held,* that the admission so made, un-
explained, must be taken as an admission in this action; and, aside from
the question of pleading, justified a refusal to nonsuit.

(Argued October 29, 1884 ; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Court
of Common Pleas in and for the city and county of New York,
entered upon an order made June 5, 1882, which affirmed a
judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged neg-
ligence.

The complaint alleged in substance that defendants caused
an excavation to be made in a public street in the city of New
York, and left the same uncovered without any protection or
guard; that, in consequence, plaintiff's wife, while passing
along said street in the night-time, without any fault or negli-
gence on her part, fell into the pit so excavated and was in-
jured. The answer was as follows :

" The defendants answer the complaint herein as follows :

" I. That the alleged injuries charged in said complaint, as
having resulted to Letitia A. Clark, therein named, were brought
about, caused and contributed to by the said Letitia A. Clark.

" II. That prior to the commencement of this action the
said Letitia A. Clark commenced an action in this court
against these defendants to recover the sum of $50,000 for
alleged injuries resulting to her from the accident referred
to in the complaint, pending which action the plaintiff prom-
ised and agreed to and with these defendants, that if these
defendants would compromise and settle said claim and suit of
said Letitia A. Clark that he, the plaintiff, would waive any
claim he might have against these defendants, growing out of
the said accident, whereupon and in pursuance of said promise
and agreement on the part of the plaintiff and before the com-

mencement of this action, to-wit: On or about the first day of June, 1877, these defendants compromised and settled said claim of said Letitia A. Clark, and laid out and expended large sums of money in procuring said settlement and compromise.

" III. They admit the copartnership of the defendants with Milton A. Clyde, and the subsequent death of said Clyde, and they deny each and every other allegation in said complaint contained, not hereinbefore specifically admitted, qualified or denied."

- Further facts appear in the opinion

*Alex. Thain* for appellants. The answer was a sufficient denial of the allegation, charging the defendants with having made the excavation. (*Allis* v. *Leonard*, 46 N. Y. 688; 22 Alb. Law Jour. 28; *Calhoun* v. *Hallen*, 25 Hun, 155; *Haines* v. *Herrick*, 9 Abb. N. C. 379; *Youngs* v. *Kent*, 46 N. Y. 672, 673.) If for any reason the answer in any respect could be considered indefinite or uncertain, it was the duty of the plaintiff to apply to make it definite and certain before trial. He cannot wait until the trial and then claim that it was not to be understood; or that it put nothing in issue. (*Greenfield* v. *Mass. Mut. Life Ins. Co.*, 47 N. Y. 430; *Wall* v. *Buff. Water-Works Co.*, 18 id. 119; *McGinness* v. *Mayor, etc.*, 13 N. Y. Weekly Dig. 522; *Kerr* v. *Hays*, 35 N. Y. 331.) There was no proof that the excavation was made in a public highway, and unless the answer can be construed into an admission, there was error in this respect as well. (*Miller* v. *Brown*, 56 N. Y. 383; *Grinell* v. *Kirtland*, 2 Abb. N. C. 400, note.)

*T. C. Cronin* for respondent. The existence of the excavation was admitted by the answer. (*Miller* v. *McCloskey*, 1 Code Pro. 252 and notes, 257; *Spies* v. *Roberts*, N. Y. Weekly Dig. 585; *Hoffman* v. *N. Y. & C. R. R. Co.*, id. 510; *Hammond* v. *Earle*, 5 Abb. N. C. 105; *Fleishman* v. *Stern*, 90 N. Y. 114.) As the judgment record contained the pleadings in the wife's action and the admission in the answer

by defendants of the precise allegations claimed by them to be denied in this action it can be used on this motion. (*Anderson v. Third Ave. R. R.*, 23 Alb. L. J. 214; *Rich* v. *Rich*, 16 Wend. 663; *Bank of C. N. America*, 2 Sandf. 718; *Ritchie* v. *Putnam*, 13 Wend. 524; *High* v. *Wilson*, 2 Johns. 46; *Armstrong* v. *Percy*, 5 Wend. 535; *Burt* v. *Place*, 4 id. 591; *Dresser* v. *Brooks*, 3 Barb. 429; *Duncan* v. *Duboys*, 3 Johns. Cas. 125; *Hearsey* v. *Pruyn*, 7 Johns. 179.) The court will take judicial notice of the streets in the city of New York. (*Brown* v. *Scofield*, 8 Barb. 239.)

RUGER, Ch. J. A defendant desiring to controvert the allegations of a complaint may do so either by a general or specific denial. An omission to do this in one form or the other is equivalent to an admission of the truth of the facts alleged and not controverted. Such denials are not required to be of any particular form or to be couched in any special phraseology, but they must be expressed in language that conveys to the mind of the reader a clear understanding of the facts they are intended to put in issue. It was formerly the settled rule to construe doubtful pleadings most strongly against the pleader, but this rule has been so far modified by the Code as now to require them to be liberally construed with a view to substantial justice between the parties. This modification has, however, been held to extend only to matters of form and not to apply to the fundamental requisites of a cause of action. (*Spear* v. *Downing*, 34 Barb. 522; *Cruger* v. *Hudson R. R. R. Co.*, 12 N.Y. 190; *Bunge* v. *Koop*, 48 id. 225.) A construction of doubtful or uncertain allegations in a pleading, which enables a party by thus pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable now than formerly; and when a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to the pleader. (*Bates* v. *Rosekrans*, 23 How. Pr. 98.)

It is in the nature of things that a party who is required to frame his issues for the information of his adversary, and the

court, must be responsible for any failure to express his meaning clearly and unmistakably. While it is competent for a party to move to make the pleadings of his adversary more definite and certain, yet, inasmuch as it is the primary duty of the party pleading to present a clear and unequivocal statement of his allegations, the onus of having them made so cannot be cast upon his adversary by his own fault in failing to perform his duty.

It is objected in this case on the part of the appellant, that there is no proof that the defendants created the excavation which was the cause of the injury sued for, or that the place where the same occurred was a public street.

At the Circuit, as also at the General Term, this objection was disposed of upon the ground that the facts necessary to make out the cause of action in the respect mentioned, were admitted by the answer.

No question is made but that the complaint states a good cause of action against the defendant, in respect to the cause of the injury complained of; and the inquiry now is, whether the facts stated in the complaint have been sufficiently denied by the answer to put the plaintiff to their proof.

That pleading contained three defenses separately stated, the first of which substantially alleged that the injuries charged in the complaint were caused, brought about and contributed to by the injured party.

*Second,* That before the commencement of this action the defendants fully settled and compromised the said claim with the plaintiff.

*Third.* A denial of each and every other allegation in said complaint contained not hereinbefore specifically " admitted, *qualified* or denied."

The first defense in the answer undoubtedly constitutes a qualification of every fact stated in the complaint with reference to the manner in which the accident occurred, and in effect affirms the truth of all the facts alleged, except that of want of contributory negligence, and alleges that the action is unsustainable by reason of such negligence.

The second contains facts formerly known as being a plea of confession and avoidance and is predicated upon the assumption of the truth of the facts stated in the complaint, but seeks to avoid them by a defense arising out of the subsequent conduct of the parties; and the third was intended as a general denial of such facts in the complaint as had not been before specifically admitted, qualified or denied. The first defense put in issue the question of contributory negligence, and imposed upon the plaintiff the burden of proving that the accident occurred without negligence on the part of the person injured, and that was the only fact put in issue by that defense, the other allegations being impliedly admitted. The fact alleged, however, constituted a good defense to the entire cause of action, and if made out by proof must have resulted in a verdict for the defendants. A good defense to the cause of action stated in the complaint was also alleged in the second count of the answer; and in respect to both of these counts the answer was sufficient in matter and form to preclude a successful demurrer or motion to strike them out as frivolous.

The question arises over the effect to be ascribed to the alleged general denial. It was said in the case of *Calhoun* v. *Hallen* (25 Hun, 155), that an answer denying each and every allegation set forth in the complaint, except as herein "admitted, qualified or explained," contains an authorized form of denial, and should not be stricken out as frivolous. This form of answer has sometimes been criticised as throwing upon the opposite party the necessity of first determining the legal question as to how far the facts stated, may properly be said to qualify or explain others, before the pleader can know what facts are admitted or denied by the pleading. Without, however, attempting to determine whether an answer denying only such facts as are not admitted, qualified or denied by previous allegations in the answer, under the rule established by the Code requiring facts in plain and concise language alone to be stated, is good pleading or not, it is sufficient to say in this case that the material allegations of the complaint are ex-

pressly excepted by the terms in which it is expressed from
the operation of the general denial pleaded.

The allegation by the defendant that the injuries described
in the complaint did not occur in the manner and form therein
alleged, but impliedly did occur in another manner which was
described in a way to exempt the defendant from liability
therefor, was a most important and essential qualification of
all of the facts alleged in the complaint.

It cannot reasonably be said that the fact that the party
injured contributed to his own injury is not a qualification of
the allegation in the complaint that the defendants' conduct
in digging a pit in a public highway and leaving it unguarded
was the sole cause of the injury. The allegations which are
denied by this answer are those only which are not qualified by
its previous statements. Of what fact stated in the complaint
can it be legally said that they are not qualified by this answer?

The allegation in the complaint that the injury occurred
without the fault or negligence of the plaintiff, is substantially
denied by the first count of the answer which affirmatively al-
leges the reverse of this to be true — but while this allegation
constitutes a denial of that fact, it also operates as a qualifica-
tion of every other fact going to make out the cause of action.
The test which has frequently been applied to discover the true
meaning of a pleading will clearly illustrate the effect of this
attempted denial. Suppose the defendants were indicted for
perjury, upon the ground that they had verified an answer
which falsely denied that the defendants were the creators
of the excavation which caused the injury in question, could
any clause in this answer be pointed out which proved such a
denial? It certainly cannot be successfully claimed that a
clause which expressly excepted from its operation all allega-
tions in the complaint, qualified by previous statements in the
answer, was intended to deny such allegations as were qualified.
We think that such an indictment could not be sustained upon
the pleading in this case.

It was held in the case of *Allis* v. *Leonard* (reported in
memorandum, 46 N. Y. 688, and more fully, 22 Alb. Law

Jour. 28), that an answer which admitted the execution and delivery of a promissory note, and denied every fact not expressly admitted, did not concede the truth of an allegation in the complaint stating a transfer upon good consideration of such note by the payee to the plaintiff. The facts of that case, however, leave no question as to what was admitted or claimed and do not bear upon the questions raised here.

But there seems much reason for saying in this case within the principle stated in *Potter* v. *Smith* (70 N. Y. 300), and *People* v. *Northern R. R. Co.* (42 id. 227), that the implied admission contained in the first and second counts of the answer may be construed as coming within the description of facts excepted from the effect of the general denial, as having been theretofore specifically admitted. However this may be, there was also evidence from which the jury had a right to find disputed facts.

The defendants proved a settlement by them of an action formerly brought by the wife of the plaintiff against the same defendants, to recover damages for the same injury for which this action is brought. The record of that action was introduced in evidence in this, and shows from the answer served therein that the defendants admitted that the place of the accident in question was a public street, and also that the defendants caused the excavation which was the cause of the injury in question. This evidence seems to have been produced and proved by the defendants and to have been admitted without objection. Unexplained it must be taken as an admission on their part of the existence of the facts therein asserted. Both of the facts now claimed by the defendants, not to have been proved on this trial appear to have been admitted by them in the record produced, and we think fully authorized the ruling of the court below.

The judgment should be affirmed.

All concur; RAPALLO, J., on the second ground.

Judgment affirmed.