By the Court.—Freedman, J.
This action is one in ejectment. The complaint alleges that the plaintiff is seized in fee simple absolute of certain premises particularly described therein, and which are located in the city of New York ; that the defendant, Lehman, was and is *286 the occupant of the said premises, and that he.so occupies the same under a lease of tenancy from, or by agreement with, and consent of defendant, Townshend ; and that the defendant, Townshend, is in possession of the premises, and withholds possession thereof from the plaintiff, although plaintiff has demanded from said defendant the delivery to him of such possession of said premises ; to plaintiff’s damage, as is alleged, in the sum of $1,000. The judgment demanded is the immediate possession of the premises, and $1,000 damages, for the withholding of such possession.
The defendant Lehman demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action against him.
•The complaint in an action of ejectment is now gov-. erned by the rules which apply to complaints in all other actions, and, amongst other things, such a complaint must state facts sufficient to constitute a cause of action.
In the case at bar, the complaint does not allege either that the defendants unlawfully withhold, or that the defendants entered without the consent of the plaintiff, or in any wise wrongfully, nor that plaintiff is entitled to the immediate possession of the premises. Without some one of these allegations, or some equivalent allegation, it will not be presumed that the defendants are wrongdoers. The presumption is that one in possession is lawfully in possession (Hill v. Draper, 10 Barb. 454).
Except in matters of form, it is still the rule to construe doubtful pleadings most strongly against the pleader, and when a pleading is susceptible of two meanings, that is taken which is most unfavorable to the pleader (Clark v. Dillon, 97 N. Y. 370).
For all that appears, the defendant Townshend may be in possession' under a lease from the plaintiff which has not yet expired, and hence the implication does not follow from what has been alleged, that he unlawfully withholds. The court at special term therefore erred in overruling the demurrer.
*287 The judgment and order should be reversed with costs, and the defendant Lehman should have judgment upon the demurrer with costs, with leave, however, to the plaintiff to amend his complaint upon payment of both bills of costs.
Sedgwick, Oh. J., concurred.