Barker, J.
The plaintiff was permitted as a witness in ber own behalf to give evidence in support of ber title to tbe piano and library of conversations and transactions bad with ber late father relative to a gift of tbe same by him to ber. As to these articles she based her ¿itle solely upon tbe alleged gift.
Tbe defendant claimed title as the administratrix of ber late husband.
That tbe plaintiff was an incompetent witness to prove tbe conversation with ber father relative to the alleged gift and the delivery of tbe property by him to herself in pursuance of tbe same admits of no doubt. Code of Civil Procedure, section 829; Holcomb v. Holcomb, 95 N. Y., 325.
Tbe plaintiff concedes that tbe gift was by parol and tbe delivery was a personal transaction between ber father and herself. The plaintiff on ber direct examination, in positive and unqualified terms, declared that she was tbe owner of tbe property, naming tbe items thereof, without indicating tbe nature or source of her-title. On her cross-examination it was revealed that she claimed tbe piano and tbe books by virtue of a gift from ber father. Tbe defendant moved to strike out so much of ber evidence as related to the conversations with ber father, concerning tbe gift of the items of property of which she claimed title from her father as being hearsay, improper, incompetent, and as coming within tbe provisions of tbe Code excluding such evidence. Tbe motion was denied and tbe defendant excepted.
This was error. The objection to tbe competency of the evidence was timely and was brought to tbe attention of tbe court in a proper manner. When "tbe. plaintiff stated in ber direct examination that she was tbe owner of the piano and tbe books she was stating the legal effect of a transaction between herself and the donor, tbe nature and character of which was *425 fully disclosed by ber cross-examination. A perusal of ber testimony suggests that the source of ber title as to those items of the property in dispute was suppressed, so that while giving her evidence no objection could be interposed as to its competency. As the defendant is sued in her individual capacity and charged with a personal tort she could not interpose the objection until she made proof that she seized the property and claimed title thereto as the personal representative of the deceased.
The point that the defendant waived her objections to the evidence is not well made: The plaintiff’s contention that she was a competent witness as against the defendant for the reason that she is not of the class of persons who can raise the question of incompetency is also unsupported, for the defendant is in fact enumerated as one against whom the plaintiff, as a party in interest cannot give evidence concerning personal transactions or communications with a deceased person. The language of the section is that a party to an action shall not be examined as a witness in his own behalf or interest “ against the executor, administrator, or “ survivor of a deceased person, or the committee of a lunatic, “ or a person deriving a title or interests from, through or “ under a deceased person or lunatic by assignment or otherwise ; “ concerning a personal transaction or communication between the “ witness and the deceased person.” The defendant sets up -a title derived from a deceased person from whom the plaintiff claims she received the property as a gift. A case cannot be stated coming more plainly within the provisions of the’ statute,' "the only proof as to the gift of the books came from the plaintiff, unsupported by any fact or circumstance.
As to the piano there was other proof confirmatory of the plaintiff’s evidence, which, standing alone, tended to prove that there was an absolute gift of the same to the plaintiff by her father. Whether that evidence is sufficient to maintain the gift we need not determine now, for the reason that there must be a new trial, although we might conclude that the gift of the piano was made out by competent evidence. The number of volumes in the library was from twenty-five to thirty, some of them valuable and standard works, and the evidence does not disclose their value, separately or in the aggregate.
This plaintiff claims that her title to the property as averred in the complaint was not put in issue by the answer. The defendant insists, that by a general denial contained therein, the plaintiff’s allegation of title was put in issue. The question presented is, whether the form of denial as used by the defendant is permissible under the provisions of the Code, which provides that the answer must contain ; “ A general or specific denial of each material allegation of the complaint controverted by the defendant.” Section 500. The complaint alleges that the de *426 fendant “ wrongfully took, and wrongfully detains from tbe plaintiff, tbe following articles of personal property belonging to tbe said plaintiff.” Then follows a description of tbe property, and tbe complaint then continues : “ In wbicb tbe plaintiff claims property and right to immediate possession of tbe value of $250.” In ber answer tbe defendant alleges in substance, ber marriage to tbe deceased and that she- resided with him at the time of bis death, and that tbe property in dispute was in tbe possession of ber husband at tbe time of bis death and that all the property since that time has remained in ber possession, except the gold watch mentioned in tbe complaint which was never in ber possession ; that she has been appointed tbe administratrix of tbe estate of ber husband, and that all she has done in relation to the property was in ber capacity as administratrix, and not otherwise ; that all tbe property mentioned in tbe complaint, except tbe item before mentioned, belonged to, and tbe title in and to tbe same was in her said husband in bis lifetime and at bis death belonged to bis estate. Then follows tbe concluding paragraph, viz : “ tbe defendant denies each and every allegation in tbe complaint not hereinbefore admitted or explained.”
The denial, general in form, embraced every allegation in tbe complaint wbicb bad not been admitted or explained by tbe previous allegations in the answer. Tbe defendant did not admit nor attempt to make any explanation as to tbe plaintiff’s title. All tbe allegations in tbe answer previous to tbe paragraph containing tbe denial related to the defendant’s own title, stating tbe nature and character of tbe same and tbe person from whom it was derived. • If tbe form of denial is permissible then tbe plaintiff’s title was put in issue. On this question tbe authorities are not uniform. In Calhoun v. Hallen, 25 Hun, 155, tbe form of an answer wbicb denied all tbe allegations in the complaint which were not admitted, qualified or explained, was held to be sufficient to put in issue all tbe allegations in tbe complaint not embraced in the exception. Tbe court cited Allis v. Leonard, 46 N. Y., 688; 22 Albany Law Journal, page 28, as authority for its decision. In Clark v. Dillon, 97 N. Y., 370, tbe question was presented as to the effect of a general denial when put in tbe form as used in the answer before us ; and it was remarked by-the court that such an answer has sometimes been criticised as throwing iipon the opposite party the necessity of first determining the legal question as to bow far tbe facts stated may properly be said to qualify or explain others, before tbe pleader can know what facts are admitted or denied by the pleading and referred to tbe case of Calhoun v. Hallen, supra, wbicb held that tbe same was sufficient, but did not pass upon the question.
We are inclined to follow the ruling in Calhoun v. Hallen and bold that this form of answer while not to be commended *427 is permissible and serves to put in issue all tbe allegations in the complaint not embraced in the exception.
Judgment reversed aad a new trial granted before another referee, costs to abide the event.
All concur.