(4 Misc. Rep. 81.)

## MOSS v. WITTEMAN et al.

(Common Pleas of New York City and County, General Term.　June 5, 1893.)

1. PRACTICE—DISMISSING ANSWER AT TRIAL.
    It is error for the court to dismiss an answer at the trial.
2. SAME—DISMISSING COMPLAINT.
    The complaint may be dismissed at the trial; but this, by virtue of sections 498 and 499 of the Code.

(Syllabus by the Court.)

Appeal from trial term.

Action by Frank Moss, executor of the will of Maltby G. Lane, deceased, against Jacob F. Witteman and another, to recover rent, and damages for a breach of covenants in the lease. Plaintiff had judgment on the verdict of a jury, and defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Straley, Hasbrouck & Schloeder, (John A. Straley, of counsel,) for appellants.

S. B. Brague, (Frank Moss, of counsel,) for respondents.

PRYOR, J.　In an action for rent the defendants interposed an affirmative defense and several counterclaims.　On plaintiff's motion, at the opening of the case, the defense and counterclaims were dismissed for insufficiency in substance.　The trial proceeded upon two other issues raised by the pleadings, and resulted in a verdict for the plaintiff on one issue, and for the defendants on the other. Judgment was entered for the plaintiff.　Upon the appeal the only question is whether the court erred in the dismissal of the defense and counterclaims.　Elaborate and interesting arguments are submitted to us by the respective counsel in attack and support of the rejected pleadings; but, as the judgment must be reversed upon a point of practice, we have no occasion to consider them on the merits.

In Smith v. Countryman, 30 N. Y. 655, the court of appeals held that a plaintiff cannot move, at the trial, to strike out a defense on the ground that the facts stated do not constitute an answer to the action.　The reason of the ruling is abundantly vindicated in concurring opinion by Davies and Mullin, JJ., and its validity repeatedly recognized in subsequent adjudications.　Schuyler v. Smith, 51 N. Y. 309, 317; Meyer v. Fiegel, 7 Rob. (N. Y.) 122, 128; Butler v. Livermore, 52 Barb. 570, 578; Lathrop v. Godfrey, 3 Hun, 739, 742.　On the other hand, upon a diligent examination of the reports, we fail to discover that the authority has ever been challenged.

The complaint may be dismissed at the trial because bad in substance; but this, by virtue of express provision of the Code, (sections 498, 499.)　Tooker v. Armoux, 76 N. Y. 397, 400.　Counsel for the respondent intimates that the practice pursued by him is habitual with the profession.　It may be so, and still we are bound

by the express adjudication of the court of supreme jurisdiction. Against such an adjudication, the maxim "communis error facit jus" is of no avail. "The mere statement and restatement of a doctrine—the mere repetition of the cantilena of lawyers—cannot make it law, unless it can be traced to some competent authority, and if it be irreconcilable to some clear legal principle." Judgment of Lord Denman in O'Connell v. Reg., 11 Clark & F. 372. The case before us furnishes a signal illustration of the evil of the practice condemned in Smith v. Countryman. In the haste and perplexities of nisi prius, the learned trial judge was required to explore the intricacies of complicated pleadings, and, without opportunity of research or reflection, to pass upon questions of law, which can be adequately debated and safely decided only upon the formal argument of a demurrer. Such demurrer the respondent will be allowed the privilege of interposing; and, on appeal from the considerate decision of the special term, we may determine the sufficiency of the pleading. Judgment reversed, and new trial ordered, costs to abide event. All concur.