PLEADING—JOINT CAUSE OF ACTION—FAILURE TO AVER CHARACTER.
   If the interest of plaintiffs in a cause of action be obviously joined, upon demurrer it will not be deemed several because not characterized in terms as joint.

(Syllabus by the Court.)

Action by John J. Trueb and Jacob Hafelfinger against the New York Asbestos Manufacturing Company.  Defendant demurs to the complaint, on the ground that it combines two causes of action which belong severally to two respective plaintiffs.  Overruled.

Read J. Dilworth, for plaintiffs.
Rudolph Loreck, for defendant.

PRYOR, J.  By demurrer the complaint is challenged for combining two causes of action which belong severally to the respective plaintiffs.  As "their cause of action," the plaintiffs allege that, "at the request of the defendant," they rendered services "reasonably worth the sum of $348.60," "which the defendant agreed to pay." A defect in a pleading, to be obnoxious to demurrer, must appear on the face of the pleading.  Code, § 488.  In respect of matters of form, a pleading must be liberally construed, with a view to substantial justice between the parties (Clark v. Dillon, 97 N. Y. 370, 373), and must be deemed to allege what can be implied from its statements, by a reasonable and fair intendment (Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263).

Is it apparent, on the face of the complaint, that it unites causes of action attaching severally to each of the plaintiffs?  In terms, the averment is of a single request to the plaintiffs, of one cause of action against both, of a claim by plaintiffs of an integral sum of $348.60, and of a promise by the defendant to pay them that sum. A joint interest in the plaintiffs and a common right to relief is manifest beyond any decent pretense of misapprehension.  Code, § 446. But, if the meaning of the complaint be susceptible of misconstruction, that sense must be accepted which sustains the pleading.  Cases supra.  Possibly the complaint was open to a motion to make it more definite and certain (Code, § 546); but it must stand against a demurrer, else the treacherous technicalities of common-law pleading are as prevalent as before the reformed procedure.

Demurrer overruled, with leave to answer on payment of costs.