(22 Misc. Rep. 111.)

## FEDER v. SAMSON.

(Supreme Court, Appellate Term. December 27, 1897.)

1. PLEADING—VERIFICATION OF ANSWER.

Under Consol. Act, §§ 1346, 1383, relating to verified pleadings in the district courts, a verified answer in which the defendant "alleges and shows" that certain allegations of the complaint "are denied" is insufficient, for it does not constitute a denial by the defendant.

2. SAME—MOTION TO MAKE ANSWER DEFINITE.

A plaintiff owes no duty towards a defendant which requires him to move to have the answer made more definite and certain.

Appeal from Seventh district court.

Action by Caecilia Feder against Harry W. Samson. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before DALY, P J., and McADAM and BISCHOFF, JJ.

M. A. Lesser, for appellant.
Weill & Mayer, for respondent.

DALY, P. J. In an action upon contract, express or implied, in a district court, the plaintiff may serve with the summons a copy of a written complaint, verified in like manner as a verified pleading in the supreme court (Consol. Act § 1346); and where that is done, if the defendant fails to appear and answer by filing a written answer, verified in like manner, denying one or more material allegations, or generally, each allegation of the complaint, or setting forth new matter constituting one or more defenses or counterclaims, the justice must render judgment in favor of the plaintiff. Id. § 1383. The answer may contain a general denial of each allegation of the complaint, or a specific denial of one or more of the material allegations thereof. It may also set forth in a plain and direct manner new matter constituting one or more defenses or counterclaims. Code, § 2938, made applicable by Consol. Act, § 1347. A pleading is not required to be in any particular form, but it must be so expressed as to enable a person of common understanding to know what is intended. Code, § 2940; Consol. Act § 1347.

The plaintiff in this case having served a written complaint, verified, the defendant was required to put in a verified written answer; and such answer, if intended to put in issue any allegation of the complaint by a denial thereof, should contain a denial under oath, for such was the evident intention of the legislature in requiring a verified pleading. In this case the answer stated that the defendant, by his attorneys, "alleges and respectfully shows" that certain allegations of the complaint "are denied." A verification of such an answer, that it is true, affirms nothing with respect to the truth of the denial. The plaintiff is entitled to a direct denial by the defendant, either general or specific, of the averments of the complaint. The answer here does not commit the defendant to any such denial. If prosecuted for perjury, on the ground that the complaint was true, and he knew it, he might argue that he never swore it was not true, but only swore that he "alleged that it was denied," and offer to show that it had been denied by some one, no matter whom, which would be sufficient to bring him within the terms of his oath, and so permit his escape from the charge. Plaintiffs would be deprived of all the advantages intended to be secured to them by the statutory requirement if an oath to their adversaries' denials could be avoided by the adoption of some such formula of words as was adopted by this defendant.

As the answer contained no denial of the plaintiff's first cause of action, she was entitled to judgment upon it, unless the defendant were permitted to amend on the trial, under the power conferred upon the justice. Code, § 2944, made applicable to district courts by Consol. Act, § 1347. The plaintiff was not bound to move to make the answer more definite and certain. Clark v. Dillon, 97 N. Y. 370–374.

For the error in denying the plaintiff's motion for judgment on the first cause of action, the judgment must be reversed, and a new trial ordered. It is proper to say with respect to other rulings of the justice which may be the subject of exception upon the new trial that the exclusion of evidence that defendant made no sales or purchases of stocks, and that his transactions were fictitious, was proper; for the complaint expressly alleges purchases and sales and holding of stock. There was no allegation that the transactions were fictitious, and so the evidence offered was not within any issue presented by the pleadings.

Judgment reversed, and a new trial ordered, with costs to appellant to abide event. All concur.