RADFORD v. RADFORD et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

ACTION—WHEN LIES.

A complaint, by an heir against persons in possession of premises of the ancestor, ordered sold by court, for his share of the proceeds, which does not show the relations of defendants to the ancestors, or any fraud or deceit in the acquisition of the premises by them, or any failure of the purchaser at the sale to pay the price, states no cause of action.

Appeal from special term, Westchester county.

Action by Thomas W. Radford against George B. Radford and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John C. Donohue, for appellant.
John W. Alexander, for respondents.

GOODRICH, P. J. The complaint alleges that in 1893 Adelia A. Radford died in Yonkers, seised of certain premises in the city of New York, of which a description is given; that she left a will, which was admitted to probate in 1894; that a devise and bequest contained in a paragraph therein was declared void by a court of competent jurisdiction (when, is not alleged); that all the real and personal estate of the testatrix descended to her heirs at law, notwithstanding the will; that the plaintiff was an heir at law of the testatrix, and entitled to an equal right and interest in and to such premises with his co-heirs at law (who such other heirs are, is not alleged); that thereafter such premises were, by order of the supreme court (in what action, does not appear), duly ordered to be sold at public auction, and the money distributed according to law; that they were sold for $7,575 to one Lewis Radford, who assigned his bid to Emma Rose, who assigned to George R. Weller (it is not alleged by what

instrument Weller got title, but it is alleged that he conveyed the property to the defendants for the consideration of one dollar); and that the plaintiff received no part of his share of the moneys arising under said sale, although entitled to share in the same to the extent of one-ninth, viz. $841.66, less the expenses of sale. The plaintiff demands judgment against the defendants for that sum. It is not singular, on a familiar principle, that to such a complaint is signed the name of the plaintiff as "Plaintiff and Attorney in Person." The present attorney was not substituted until after the entry of final judgment. Nor is it singular that a demurrer should have been interposed to such a complaint on the ground that it did not state facts sufficient to constitute a cause of action, nor that the court sustained the demurrer. A final judgment dismissing the complaint was entered, from which alone this appeal is taken.

It is undoubtedly true that a complaint is not demurrable because the facts are informally and imperfectly alleged, or because it lacks definiteness or precision (Marie v. Garrison, 83 N. Y. 14); yet it is equally true that a plaintiff, in his complaint, must present a clear and unequivocal statement of a cause of action, and that the onus of having it made so by motion cannot be cast upon the defendant (Clark v. Dillon, 97 N. Y. 370). The complaint contains no allegations showing the relations of the defendants to the testatrix, or any fraud or deceit in the acquisition of the premises by them, or any failure of the purchaser at the sale to pay the purchase money. Indeed, it is difficult to know what was in the pleader's mind, as constituting the basis of his action. The pleading is extremely inconsequent and inartificial, and states no cause of action whatever against the defendants.

The notice of appeal does not state that the appellant intends to bring up for review the interlocutory judgment, in accordance with section 1301 of the Code of Civil Procedure; and the final judgment must be affirmed, with costs. All concur.