## BOWSKY v. SCHLICHTEN.

(Supreme Court, Appellate Term. December 22, 1911.)

1. PLEADING (§ 142*)—COUNTERCLAIM—REQUISITES.

That the answer demanded no affirmative relief upon the counterclaim pleaded, so that none could be awarded under Code Civ. Proc. § 509, did not prevent the assertion of the counterclaim as a set-off to plaintiff's demand.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 300; Dec. Dig. § 142.*]

2. PLEADING (§ 354*)—STRIKING DEFENSES.

A special defense and a counterclaim, which were neither demurred nor replied to, were properly stricken on motion if insufficient in law.

[Ed. Note.—For other cases, see Pleading; Cent. Dig. §§ 1092–1095; Dec. Dig. § 354.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LANDLORD AND TENANT. (§ 230*)—ACTIONS FOR RENT—DEFENSES—SUFFI-
CIENCY.

    Allegations of the answer, in an action for rent, that defendant duly
surrendered possession of the premises under the lease and plaintiff
duly accepted such surrender and thereupon took possession thereof,
were insufficient as a defense for not showing that the surrender was
made before the rent sued for accrued.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
914; Dec. Dig. § 230.*]

4. PLEADING (§ 34*)—CONSTRUCTION—LIBERAL CONSTRUCTION.

    The rule of liberal construction of pleadings cannot be extended so as
to add an essential element of the cause of action or defense omitted in
the pleadings.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec.
Dig. § 34.*]

5. LANDLORD AND TENANT (§ 230*)—ACTIONS FOR RENT—COUNTERCLAIM.

    The answer in an action for rent alleged as a counterclaim that the
lease permitted the tenant to sublet, and that he had subtenants ready
and willing to sublet the apartments, but the landlord refused to permit
him to sublet and hindered and prevented him from doing so by wrong-
fully inducing the prospective subtenants to break their agreements
with the tenant and to refuse to sublet, and inducing them to take other
apartments from plaintiff, and also prevented the tenant from securing
other parties to sublet, to his damage, etc. *Held*, that the counterclaim
was sufficient.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
912–917; Dec. Dig. § 230.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Bowsky against George William Schlichten. From
a judgment for plaintiff, defendant appeals. Reversed, and new trial
ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Jay Noble Emley, for appellant.

Samuel Newmark (Harold M. Phillips, of counsel), for respondent.

GIEGERICH, J. [1] In an action for rent, the defendant pleaded
certain new matter as a second defense and certain further new mat-
ter which he characterized as a "third separate and distinct defense
by way of counterclaim." No affirmative judgment upon the counter-
claim was demanded by the answer, and none, consequently, could
have been given (Code Civ. Proc. § 509); but this did not prevent
the assertion of the counterclaim as an offset to the plaintiff's demand.
The plaintiff, however, neither demurred nor replied to the counter-
claim; and, with the pleadings in this condition, the case was brought
on to trial, and a motion was made by the plaintiff at the opening to
strike out the "so-called counterclaim of the third defense." The
record then shows that this motion was granted and that the *second
and third* defenses were stricken out. To this ruling the defendant
excepted, whereupon the court said, "You may go to the jury on the
question of surrender"—this being the question raised by the second
defense. Later in the trial, and after the plaintiff had rested, the court
said to defendant's counsel in the course of a colloquy, "I think the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defense pleaded is not a good one, and never did think so," to which counsel for the defendant responded, "Your honor has already ruled on that and I have taken an exception."

It is thus not entirely clear whether the court intended to strike out all the new matter set up in the answer, or only that included in the counterclaim, or what counsel for the defendant might properly have understood to have been the ruling of the court. We shall, however, give him the benefit of the doubt in that respect and assume that he was justified in supposing that all the new matter contained in the answer by way of defense and counterclaim had been stricken out.

[2] As far as the question of practice involved in this method of disposing of the defense and counterclaim is concerned, it must be held to have been entirely proper, upon the authority of Ampersand Hotel Co. v. Home Ins. Co., 198 N. Y. 495, 91 N. E. 1099, 28 L. R. A. (N. S.) 218, which must be regarded as overruling the case of Moss v. Wittman, 4 Misc. Rep. 81, 23 N. Y. Supp. 854, relied upon by the appellant and cited by counsel in the Ampersand Hotel Co. Case.

It therefore remains to consider whether either the defense or the counterclaim was sufficient upon its face.

[3] The second defense is:

"That the defendant duly surrendered possession of said premises under the lease set up in the complaint herein, and the plaintiff duly accepted such surrender and thereupon entered into and upon said premises and took possession thereof."

This defense is obviously insufficient, inasmuch as it does not show that the surrender took place before the rent sued for had accrued.

[4] The premises may have been duly surrendered at the end of the term. The rule of liberal construction cannot be stretched to cover a case where an essential element of the cause of action or defense is wholly lacking. Clark v. Dillon, 97 N. Y. 370.

[5] The counterclaim is as follows:

"That the said lease set up in paragraph designated 'I' of the said complaint contained a provision permitting said tenant to sublet the said premises.

"That the defendant had tenants ready and willing to sublet said apartments from defendant, but the plaintiff landlord refused to permit the defendant to sublet the premises, and hindered and prevented and deprived the defendant of the right to sublet said premises, and prevented prospective tenants from subletting from defendant, and wrongfully induced them to break their agreements with defendant and to refuse to sublet the apartments from defendant, and induced them to take other apartments in the same building from the plaintiff, and also prevented defendant from securing other parties to sublet the same, to defendant's damage in the sum of $800."

It seems to me that this was sufficient, on its face, as a counterclaim. The defendant sufficiently alleges that the plaintiff hindered and prevented him from subletting the premises and prevented prospective tenants from subletting from the defendant and induced them to break their agreements to sublet and prevented defendant from securing other persons to sublet the premises. The defendant does not say in so many words that all this occurred prior to the commencement of the action; but, as the action is brought to recover rent for the last

seven months of the term, and it is obvious that the acts charged against the plaintiff could only have occurred during the term, this defect is one of form rather than of substance, and under the rule of liberal construction I think the pleading is sufficient. It nowhere appears in the pleadings that the landlord's consent was necessary to a subletting of the premises.

I think therefore that the trial court erred in striking out the counterclaim at the opening of the case.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.