### SMITH v. HEDGES (two cases).

(Supreme Court, Appellate Division, Second Department.  November 24, 1915.)

1. EVIDENCE ⬤�ý444—PAROL EVIDENCE—NOTES.
    Defendant in an action on notes cannot escape liability by a parol showing that they were to be paid only upon conditions, where the delivery was absolute and upon their face they were negotiable.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. ⬤�ý444.]

2. SALES ⬤�ý124—RESCISSION OF SALE—RETENDER OF PROPERTY CONVEYED.
    Where after the consummation of a sale the buyer desires to rescind, he cannot retain the goods and refuse to pay his notes given in payment therefor, but must, to avoid payment, offer to return the property.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 303–312; Dec. Dig. ⬤�ý124.]

3. PLEADING ⬤�ý354—STRIKING OUT DEFENSES—POWER OF COURT.
    A defense which is insufficient as a matter of law may be stricken out at the trial on plaintiff's motion.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1092–1095; Dec. Dig. ⬤�ý354.]

Appeal from Trial Term, Nassau County.

Two actions by S. Dimon Smith against Dayton Hedges.  From judgments for plaintiff (89 Misc. Rep. 183, 152 N. Y. Supp. 95), defendant appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

John R. Vunk, of Patchogue, for appellant.

Gustav Lange, Jr., of New York City, for respondent.

JENKS, P. J. These two actions were tried together, and the defendant's appeals are united. The plaintiff, assignee of the Pioneer Iron Works, payee, brought the actions upon as many promissory notes of the defendant. The Trial Term, upon motion of the plaintiff, struck out the parts of the answers that set up separate and distinct defenses, tried the issue—as to the assignment of the notes—and directed verdicts for the plaintiff. The opinion of Mr. Justice Crane, who presided at Trial Term, that was handed down upon denial of the motion to set aside the verdicts, thoroughly and correctly disposes of several of the questions now raised upon this appeal, so that further discussion of them is unnecessary. Smith v. Hedges, 89 Misc. Rep. 183, 152 N. Y. Supp. 95. Moreover, in an action brought by this defendant against the said Pioneer Iron Works, which involved the contract under which the notes in the present action were procured, we discussed some principles applicable to the present pleadings. Hedges v. Pioneer Iron Works, 166 App. Div. 208, 151 N. Y. Supp. 495.

[1] The appellant contends that the notes were given upon a condition precedent. The said Pioneer Iron Works and the defendant made a contract whereby the Pioneer Iron Works was to construct and to set up certain machinery for an asphalt plant for the defendant. There was a time limit in the contract, and a provision for a penalty of $20 a day for delay, conditioned that the defendant would not delay the construction of the brickwork and foundations, and that the said time limit should exclude inclement weather. There were to be four payments, one-fourth at the time of the order, one-fourth when the principal parts were delivered, and the remainder by notes at 60 and 90 days, to have a good indorser, to be delivered at the time of the said second payment. The first note sued upon was a renewal of one of the said notes after a cash payment of $850, and the second note sued upon was the original note for 90 days. There is no plea in the defenses that the notes were nonnegotiable or were not immediately available. The learned counsel for the appellant cites Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892, and Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600. But I think that this case falls within the "converse of this rule," referred to in Smith v. Dotterweich, supra, of which the court in that case said Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740, was "a salient illustration," inasmuch as the notes in the case at bar were "rendered effective and complete by an unconditional delivery," and the plea is that the payee was to release the maker and to cancel the note provided the contract was not completed when the note fell due—a future contingency. In Smith v. Dotterweich, supra, the court, per Werner, J., say:

"The case of Jamestown Business College Ass'n v. Allen, supra, is a salient illustration of the converse of this rule. There the promissory note was rendered effective and complete by an unconditional delivery. The payee agreed to release the maker, and to cancel the note, upon a future contingency which might or might not arise. That was clearly a condition subsequent which brought the case within the general rule that a contract reduced to writing and complete in its terms, cannot be varied and contradicted by oral

testimony. Eighmie v. Taylor, 98 N. Y. 288; Thomas v. Scutt, 127 N. Y. 133 [27 N. E. 961]; Stowell v. Greenwich Ins. Co., 163 N. Y. 298 [57 N. E. 480]; Mead v. Dunlevie, 174 N. Y. 108 [66 N. E. 658]. Thus, to state the difference most concretely, the case at bar is one in which the oral testimony tends to show that the writing purporting to be a contract is in fact no contract at all, while in the case of the Jamestown Business College the oral testimony was in direct contradiction of the written contract as to the existence and validity of which there was no controversy."

[2] But, even if the defendant could vary the obligation by parol testimony as to the agreement pleaded for cancellation of the notes, if at maturity thereof the work was not completed, this is but rescission, and leaves unaffected his obligation to return the machinery and benefits obtained under the contract. But there is no allegation of restoration, or of offer thereof. I fail to find that the present theory of condition precedent was raised or suggested at trial, and it certainly was not pleaded.

[3] It is further contended that the court was powerless to strike out the defenses. Smith v. Countryman, 30 N. Y. 655, and Moss v. Witteman, 4 Misc. Rep. 81, 23 N. Y. Supp. 854, cited by the appellant, so far as the practice in this case is concerned, would seem to be overruled by Ampersand Hotel Co. v. Home Ins. Co., 198 N. Y. 495, 91 N. E. 1099, 28 L. R. A. (N. S.) 218, 19 Ann. Cas. 839, wherein the respondent cited both Smith's Case, supra, and Moss' Case, supra.

The judgments and orders must be affirmed, with costs. All concur.