William J. Crangle, J.
Upon this motion plaintiff seeks summary judgment upon two promissory notes of a series of four delivered to plaintiff by the corporate defendant and guaranteed by the individual defendant. The first two notes were paid at maturity. When the due date set forth in the third note arrived, payment was not made and in accordance with the terms of the note plaintiff has exercised its option to declare the fourth note due and payable as well as the third. They total $20,000 of an original indebtedness of $70,000 represented by the four notes.
The defendants by affirmation of their attorney allege payment of the notes. No evidentiary facts as to this defense are offered, however, and the defense must therefore be disregarded upon this motion. (CPLR 3212, subd. [b].)
In addition the defendant, David Feuer, submits his affidavit to the effect that his corporate codefendant has brought an action against one Rufus Crocetta who is president of the plaintiff herein and further that there is another claim in the process of being put into suit both of which could be in the nature of counterclaims to this action and which his attorney intends to interpose as counterclaims. The existence of these claims and defendants’ intentions regarding their litigation are no bar to plaintiff’s present application for summary judgment. The principle of equitable setoff might be operative under some of the general averments in defendants ’ papers, but no evidentiary showing of. sufficient facts to support this principle is made. There is, for instance, no indication that plaintiff is insolvent or is likely to become so or that defendants will be prejudiced in any way if they are required to pursue their remedy against plaintiff and its president independently of this action on the notes. (Burns v. Lopez, 256 N. Y. 123.)
The defendants’ answering affidavit also asserts that in reaching an accounting after a series of business transactions the *1014 parties had orally agreed that all the moneys represented by the notes would not become due and payable until Rufus Crocetta paid certain moneys owed by him and plaintiff to the defendants. Under the parol evidence rule, testimony concerning this would not be admissible upon the trial of this action unless it could be determined therefrom that the parties intended a delivery of the notes subject to an oral condition precedent. (Hicks v. Bush, 10 N Y 2d 488.) Evidence of this kind is received under this exception to the rule, not to vary the contract, but to prove that there never really was a contract, that the notes never became viable. (Smith v. Dotterweich, 200 N. Y. 299.)
The defendants here do not take this position. From the affidavits submitted it must be understood that the notes were' delivered as valid and subsisting instruments but that in addition to what they say on their face and contrary thereto some unspecified portion of their face amount did not become due on the dates specified but at a time when Rufus Crocetta pays a debt to the defendants.
The oral agreement as thus described by the defendants is in effect a condition subsequent rather than a condition precedent. (Jamestown Business Coll. Assn. v. Allen, 172 N. Y. 291; Manufacturers Trust Co. v. Palmer, 13 A D 2d 772; Ford v. Hahn, 269 App. Div. 436; Smith v. Hedges, 170 App. Div. 349.) Such evidence cannot be admitted to vary or contradict the terms of the notes, and therefore summary judgment is appropriate.
Apart from the exclusionary rule operating against them, defendants do not make a sufficient showing of facts to defeat a motion for summary judgment. The defendants have failed “to assemble, lay bare and reveal [their] proofs, in order to show that the matters set up in [the] answer are real and are capable of being established upon a trial”. (Di Sabato v. Soffes, 9 A D 2d 297, 301.) Motion for summary judgment granted.