Fuchsberg, J.
(concurring in part and dissenting in part). As I see it, the motion for summary judgment should have been denied as to plaintiff’s sixth cause of action and I therefore dissent from so much of the disposition of this appeal as is to the contrary. In arriving at their result, I suggest the majority and concurring opinions beg the true question here: Was it an abuse of discretion as a matter of law to grant defendant’s motion on the sixth cause of action before the scheduled discovery could be conducted?
We all apparently agree that, any impressions to the contrary notwithstanding, liberal construction of pleadings is the accepted rule in New York. There is nothing "modern” about that. Our statutes have mandated it for the entire 130 years since the enactment of section 136 of the Code of Procedure of 1848 (see, e.g., Clark v Dillon, 97 NY 370, 373; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3026.01). Nor do I contest the correctness of looking to a plaintiff’s summary judgment submission as supplementary material on which to determine whether a cause of action has been made out.
But it is inconsistent to speak of liberal construction of a litigant’s papers while narrowly limiting its ability to garner the facts upon which its case must rest. That is the situation here.
This case is not complex. Defendant Muller, as general contractor engaged in the reconstruction of New York Telephone’s building, awarded a subcontract to plaintiff, a mechanical contractor. Progress on the project was impeded by *286 almost endless disruptions, delays and changes of specifications to a point where the work was not completed until nearly three years beyond its scheduled date. At one point, the Telephone Company informed the subcontractors that it had assumed direct control in place of Muller. It was to recover the damages it claims the disruptions and delays imposed upon its own ability to perform that plaintiff brought this suit against Muller, New York Telephone and the latter’s architects.
The sixth cause of action speaks for itself: "Telephone endeavored to take over direct supervision of the scheduling, coordination and installation of construction work with the result that rather than completing the Project with the services of a competent general contractor, Telephone actively interfered with and disrupted job progress and caused delays and damage to Alvord” (emphasis mine). By lany rule of liberal pleading, this language may be read to include a connotation of intentionally tortious conduct. Certainly, in the context of the construction project out of which this suit arises and of the intimate relationship which each of the parties bore to it, the idea of surprise is alien and, moreover, was not urged by Telephone.* Nor is it suggested that any uncertainties were not resolvable by a bill of particulars.
To unearth the facts bearing on Telephone’s role in the events at issue, plaintiff served notice to examine that defendant before trial. Telephone had served a like notice on plaintiff. However, the taking of the depositions was aborted when Telephone made its motion for summary judgment, which was granted over the plaintiff’s protests that, among other things, the motion was brought so precipitously in order to cut off discovery.
CPLR 3212 (subd [fj), which presumably was not intended to be an empty exercise in legislative legerdemain, explicitly provides that: "Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to *287 be obtained or disclosure to be had and may make such other order as may be just”.
Plaintiffs affidavit in opposition to the motion contained an express and timely request for such a deferment as an alternative disposition of the motion and demonstrated enough to indicate that facts to justify its suit "may exist”. In making such a request it should be unnecessary at that stage to convince a court that such facts do exist. That would put the cart before the horse. Here plaintiffs affirmation was that defendant, inter alia, “hinder[ed] or imped[ed] the subcontractor from being able to work” and for a time had taken over direct control of the project. (See Peterson v Spartan Inds., 33 NY2d 463; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:49, p 53.)
As a harsh and drastic remedy, the power to grant summary judgment should be exercised sparingly (Rotuba Extruders v Ceppos, 46 NY2d 223; Andre v Pomeroy, 35 NY2d 361, 364). In the present case, the need for circumspect application of the doctrine was particularly acute. The indirect nature of the relationship between the defendant, as owner, and the plaintiff, as subcontractor, created an informational barrier the piercing of which was obviously crucial. Moreover, evidence of defendant’s intent — an essential element of the cause of action — was predominantly, if not exclusively, within defendant’s control (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:49, p 53). To limit the availability of discovery here is to penalize the plaintiff for not knowing what he could not know before he had conducted the discovery to which he was entitled.
It is only in exceptional cases that a plaintiffs right to present his claims to a court of law should be cut off by a premature motion for summary judgment (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.18, p 32-195). This was not such a case. Plaintiffs claim was by no means frivolous. Nor is it inconsequential; as the majority opinion tells us, the damages at stake come to $847,559. The plaintiff, almost concededly, was an innocent victim of the way in which that job was run on behalf of, and, as alleged without denial, by the defendant.
I would therefore hold that Special Term’s refusal to exercise its power under CPLR 3212 (subd [f]) constituted an abuse of discretion as a matter of law (see Cohen and Karger, Powers of the New York Court of Appeals, § 158).
*288 Judges Jasen, Jones and Wachtler concur with Chief Judge Breitel; Judge Cooke concurs in a separate opinion in which Judge Gabrielli concurs; Judge Fuchsberg concurs in part and dissents in part and votes to modify in a separate opinion.
Order affirmed.

 The facts on which a Statute of Limitations defense could be premised also had to await discovery. Plaintiffs action was commenced within three years, the statutory tort limitations period, from the time work on Telephone’s project was completed. Discovery would have developed the facts as to the nature and timing of Telephone’s activity in the interval preceding the termination of the job.