## N. Y. SUPERIOR COURT.

### LAWRENCE J. CALLANAN and JAMES KEMP agt. GEORGE F. GILMAN.

*Street obstructions — What are, and when a public nuisance — When may be restrained at the suit of an individual — Answer — Form of denial bad.*

Where defendant in his answer denies "specifically each and every allegation of the complaint, except those hereinafter admitted, qualified or explained:"

*Held*, that this form of denial is bad and the allegations of the complaint must be held to be admitted by the defendant.

Any unauthorized continuous obstruction of a public street is a public nuisance for the reason that the public are entitled to an unobstructed passage upon the streets and sidewalks of the city.

The placing of skids across the sidewalk in front of a party's premises is

Callanan agt. Gilman.

a great inconvenience to the public and may be restrained at the suit of an individual who has sustained a private injury thereby.

*Special Term, September*, 1884.

TRUAX, *J.*—The plaintiffs allege in their complaint among other things, that the defendant obstructed the sidewalk with intent to injure the plaintiffs; that such obstruction prevents the plaintiffs and their employes and patrons from passing and repassing along the sidewalk, to the detriment and great injury of plaintiffs and their business; that such obstruction is maintained every day from three to five hours, and averages fully four hours each day during the business hours of the day; that the defendant has been requested to remove such obstruction but he refuses to do so to the great and irreparable injury of the plaintiffs; that such obstruction is a public nuisance of special injury to the plaintiffs for which they have no adequate remedy at law and cannot be adequately compensated in damages. The defendant denies " specifically each and every allegation of the complaint except those hereinafter admitted, qualified or explained." This form of denial is bad, and it must be held that the above allegations of the complaint are admitted by the defendant (*Yuce* agt. *Alexander*, 49 *Sup. Ct. R.*, 205, *and cases there cited; Clark* agt. *Dillon*, 4 *N. Y. Civ. Pro.* [*Browne*], 245). It has long been held by the courts of this state that any unauthorized continuous obstruction of a public highway or street is a public nuisance (*Davis* agt. *The Mayor, &c.*, 14 *N. Y.*, 506; *Trenor* agt. *Jackson*, 15 *Abb.* [*N. S.*], 115). The reason is that the public are entitled to an unobstructed passage upon the streets and sidewalks of the city (*Clifford* agt. *Dam*, 81 *N. Y.*, 52). The obstruction caused by the defendant is unauthorized. The board of aldermen cannot authorize a public nuisance (*Trenor* agt. *Jackson, supra; Ely* agt. *Campbell*, 59 *How.*, 333; *People* agt. *Mayor*, 59 *id.*, 277; *People* agt. *Mayor, Daily Register*, April 23, 1884, BARRETT, *J.; see, also, Metropolitan Tel. Co.* agt. *Colwell Lead Co., Daily Register*, Aug. 13, 1884, INGRAHAM, *J.*).

Callanan agt. Gilman.

The defendant has admitted in his answer that the obstruction is a public nuisance, and the facts proved on the trial show that the obstruction was continuous.

This case is similar to the case of *Rex* agt. *Russell* (6 *East*, 427), in which it was held that a wagoner who occupies one side of a public street in a city, before his warehouse, in loading and unloading his wagons, for several hours a day, and who has at least one wagon usually standing before his warehouse, so that no carriage can pass on that side of the street, and sometimes foot passengers were inconvenienced by cumbrous goods lying on the ground on the same side ready for loading, is indictable for a public nuisance, although there were room for two carriages to pass on the opposite side of the street. The court said that it should be fully understood that the defendant could not legally carry on any part of his business in the public street to the annoyance of the public; that the primary object of the street was the free passage of the public, and anything which impeded that free passage, without necessity, was a nuisance; that if the nature of the defendant's business was such as to require the loading and unloading of so many more of his wagons than could conveniently be contained within his own private premises, he must either enlarge his premises or remove his business to some more convenient spot (*See Trenor* agt. *Jackson*, 15 *Abb.* [*N. S.*], 126; *Taylor's Landlord and Tenant*, 193, *and cases there cited*).

No doubt the skids used by the defendant are a convenience to him, but extending from a wagon at the curb across the sidewalk they are a great inconvenience to the public and the plaintiffs. The defendants admit (and I have so found) that the plaintiffs have sustained private injury, and for this reason, if for no other, they are entitled to an injunction restraining the defendant from using the skids (*Trenor* agt. *Jackson*, 15 *Abb.* [*N. S.*], 126, *and cases there cited*).

Judgment is ordered for the plaintiffs, with costs.