WILLIAM BAYLIS, Appellant, *v.* FREDERICK J. STIMSON, Respondent.

*Court of Appeals, June 5, 1888.*

1. *Contract to convey land. Title.*—The purchaser, though his vendor has recently derived his title by an assignment expressed to be in consideration of one dollar and other good and valuable considerations "from a third person who meantime failed and assigned for benefit of creditors, has no ground for refusing to take title in the absence of anything to indicate an intention on the part of any creditor to attack the assignment.

2. *Same.*—Such possibility is purely imaginary and insufficient to create even a doubt, much less a rational doubt, and one in the solving of which a court could lawfully require the assistance of a jury. Less than this will not avail the unwilling vendee, even though compelled to answer in a court of equity.

3. *Pleadings. How defense alleged.*—An answer should disclose the defense, whether it is by denial or new matter, without reference to any other pleading, and be complete in itself and requiring neither amplification nor patching from fragments of the complaint.

Action to recover back a payment made by plaintiff to defendant upon the execution of a contract for the sale by the latter to the former of an unexpired term of a lease, of certain premises situate in the city of New York.

Appeal from a judgment of the general term of the supe-

rior court of the City of New York, affirming a judgment in favor of the defendant, entered upon the report of a referee.

*Adrian Van Sinderin,* for appellant.

*Wm. Pierrepont Williams,* for respondent.

DANFORTH, J.—The case was submitted to a referee, whose findings have been affirmed by the general term. Upon examination we discover no finding unsupported by evidence, nor a refusal to find any material fact which stood on uncontroverted evidence.

The facts, therefore, are not in dispute, and, so far as they relate to any question upon this appeal, are as follows : On the 8th of November, 1882, one Theodore Weston held a lease from the trustees of Columbia College, of certain premises in the city of New York, and on that day assigned it to the defendant upon, as the assignment stated, " a consideration of one dollar and other good and valuable considerations." On the next day the assignment was recorded. On the twenty-fourth of the same month the defendant entered into an agreement in writing with the plaintiff to sell to him the leasehold free from all incumbrance save a mortgage of $23,000, and the plaintiff agreed to buy the same at the price of $40,500, and at once paid $3,000, on account of the purchase-price. Both parties agreed that the sale should be completed and title taken on the 10th of December, 1882. On the fourth of December, the said Theodore made a general assignment for the benefit of creditors, to one D., which was duly filed in the proper office, and within a day or two thereafter judgments were docketed against him for a large amount. Immediately thereafter the plaintiff's counsel notified the defendant that he would not advise his client to take the title, " without releases from Weston's general assignee and from his judgment-creditors," and the time for com-

pleting the purchase was adjourned from time to time, until January, 24, 1883. At or about that time the plaintiff for reasons thus intimated by his counsel, elected to rescind the contract, and so notified the defendant.

No other objection was made to the title, but upon the trial of this action it was made to appear that prior to the assignment of the lease to Stimson, the defendant had assigned it by way of security to one Norris, for money due or to be advanced, but the referee found that the defendant was prepared to discharge that obligation upon the completion of the contract, and that in fact, the transfer of the leasehold premises from the said Theodore Weston to the defendant was made for a good and valuable consideration, was not intended to hinder, delay or defraud creditors of said Weston, nor to create a trust, nor to preserve an interest therein for said Weston, but was an absolute and *bona fide* sale and transfer thereof; " he, also, found that the defendant's title was neither defective nor subject to any well-founded objection in law or fact, and dismissed the complaint.

In any view of the case, whether it relates to the marketable quality of the defendant's title, or to its intrinsic goodness, we are of opinion that the conclusion of the referee and the judgment of the supreme court approving it should be affirmed.

The opinions pronounced by these learned tribunals are reported (53 N. Y. Superior Court Rep. 225), and we have only to speak of the objections urged by the appellant to their exposition of law by which his action was defeated. It is said by the learned counsel for the appellant that the " findings and conclusions, as well as the opinion of the referee and of the general term, all proceed upon the idea that the action was brought to recover money on the basis of a rescinded contract," which assumption he declared to be erroneous. But the pleadings allow no other construction than that complained of.

The complaint states several objections to the title, notice to the defendant thereof, his omission to remove them, and that thereupon the plaintiff did, on the 24th of January, 1883, notify him of his election to rescind the same and demand the repayment of the sum of "$3,000 paid by plaintiff to defendant on account thereof, with interest from the 24th day of November, 1882, the time of the said payment, together with the expenses and counsel fees paid and incurred by plaintiff in the examination of the title to the said premises," and this sum and the money paid for these causes he seeks to recover.

The referee found the rescission made and notice thereof given to the plaintiff. He could not do otherwise, for the complaint alleged it and the answer admitted it.

It is true the complaint also alleges that the plaintiff incurred other expenses for matters said by him to have been promoted for the benefit and with the consent of the defendant, but, as we gather from the pleadings, these were denied by the defendant, and certainly are found by the referee to be unproven. The evidence called for no other conclusion. I speak thus doubtingly of the answer, for it is so drawn as to be unintelligible except upon careful comparison with the complaint in order to find out what is denied. In terms it denies nothing, but directs our attention to the " whole of the paragraph beginning with the words ' and the plaintiff,' " in folio 11, to the whole of the paragraph beginning, in folio 23, with the same words, to the last five lines of a paragraph ending in folio 15, " the last three of folio 19, the first six lines of folio 20," and avers that as to the truth of such allegations as are there found, the defendant has neither knowledge nor information sufficient to form a belief. It is thus inartificial and troublesome, and not in accordance with any rule of pleading at common law or under the Code. It is, however careless, no doubt easy for the pleader, but the labor of dissection and discovery as to its meaning is thrown upon

the opposite counsel and the court. It belongs to neither. The answer should disclose the defense, whether it be by denial or new matter, without reference to any other pleading ; it should be complete in itself and require neither amplification . nor patching from fragments of the complaint. The Code means nothing less when it enacts (section 500) that "the answer must contain," "a denial of each material allegation of the complaint controverted by the defendant," and what allegations are thus controverted should appear on the face of the answer. The plaintiff's attorney should not be required to look beyond that pleading for such information, nor should the court be required to count lines and measure paragraphs to discover the matters put in issue. We think, however, the answer has been properly construed and applied ; at least the finding of the referee is clear and decisive.

He also found that the objections made to the title offered by the defendant were baseless. This conclusion is amply sustained by the opinions already referred to, and to the cases there cited may be added Moser *v.* Cochrane (107 N. Y. 35 ; 11 N. Y. State Rep. 200). The plaintiff seems to have been led by extreme caution into suspicions which were in fact groundless, and in no manner sufficient to relieve him from a contract upon which he fairly entered. No fact appeared to him ; none is disclosed by evidence showing either that any creditor of Weston intended to attack the assignment under which the defendant's title was made, or that any foundation existed for such attack. Indeed, all that is suggested by the plaintiff is that "in an attack by creditors a wide range of inquiry would be open," "and if the findings were adverse to the good faith of the transaction, the purchaser would be remediless." The only fact called to our attention is the statement of consideration in the assignment. However that statement is construed, even as showing, as it does not show, that the conveyance was not founded on a valuable consideration, it

would, standing by itself, be of no importance. 1 R. S. 137, §§ 4, 5. The possibility suggested is purely imaginary and insufficient to create even a doubt, much less "a rational doubt," or one in the solving of which a court could lawfully require the assistance of a jury. Shriver *v.* Shriver, 86 N. Y. 575. Less than this would not avail the unwilling vendee, even if compelled to answer in a court of equity. Hellreigel *v.* Manning, 97 N. Y. 56. I have carefully examined the elaborate and well-considered brief of the appellant and the authorities referred to by him. I find nothing in either which impairs the reasoning or conclusion of the courts below, or supports the appeal.

The judgment should, therefore, be affirmed.

All concur.