### OWENS *v.* R. HUDNUT'S PHARMACY.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

PLEADING—DENIAL IN ANSWER.

> A denial in an answer of "each and every allegation in the complaint not herein specifically admitted or denied," is sufficient, even in form, where it clearly appears what is admitted and what ignored.

Appeal from special term, New York county.

Action by Lucy V. Owens against R. Hudnut's Pharmacy, a corporation. Defendant appeals from an order striking out, as frivolous, irrelevant, and redundant, a portion of its answer, which "denies each and every allegation in the complaint not herein specifically admitted or denied."

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Jacob F. Miller,* for appellant. *A. J. Moore,* for respondent.

BARRETT, J. The rule is now well settled that an answer denying each and every allegation in the complaint not herein specifically admitted or denied, is authorized in form, and should not be stricken out as frivolous. *Calhoun* v. *Hallen,* 25 Hun, 155. Indeed, there is no such practice as the striking out of an answer, or part of an answer, as frivolous. If the entire pleading is frivolous, the party aggrieved may move for judgment thereupon, (Code, § 537,) and such is the only proper practice. Here, however, the denial was stricken out as irrelevant and redundant, as well as frivolous. It was clearly relevant, even if the form were unauthorized, and it could not, therefore, be stricken out as irrelevant, still less as redundant. An unauthorized form of denial may sometimes be equivalent to an admission, but even then it cannot be stricken out as frivolous, irrelevant, or redundant. But the present denial was correct, even in form, within the rules laid down in *Allis* v. *Leonard,* 46 N. Y. 688; *Clark* v. *Dillon,* 97 N. Y. 377; *Griffin* v. *Railroad Co.,* 101 N. Y. 348, 4 N. E. Rep. 740. What was previously admitted was clear enough; so was what was ignored; and hence, as was said in *Griffin* v. *Railroad Co., supra,* "there was no doubt or confusion as to the application of this general denial." The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.