WILLIAM BARTON, Respondent, *v.* JED H. GRIFFIN, Appellant.

*A denial of every allegation of the complaint, except as herein admitted, qualified or explained, is insufficient.*

In an action, in which the complaint alleges that the defendant unlawfully evicted the plaintiff and his family from certain premises lawfully occupied by them, under color of legal proceedings, to which the defendant answers, alleging, *first*, a justification by virtue of proceedings legally taken under a lease; *second*, an affirmative defense of unpaid rent and taxes alleged to be due by the plaintiff to the defendant by the terms of the lease; *third*, as a counterclaim, the same matter set up in the second defense; *fourth*, that the defendant instituted the summary proceedings in good faith, and, *fifth*, " on information and belief, he denies each and every allegation set forth in said complaint, except as herein admitted, qualified or explained," the fifth defense is properly stricken out, the denial therein being neither general nor specific as required by section 500 of the Code of Civil Procedure.

PUTNAM, J., dissented.

An answer should disclose the defense sought to be interposed, whether it be denial or new matter, without reference to any other pleading. It should be complete in itself, and require neither amplification nor patching from fragments of the complaint.

APPEAL by the defendant, Jed H. Griffin, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Franklin on the 15th day of August, 1898, overruling and striking out as frivolous subdivision No. 5 of the defendant's answer.

The complaint in this action alleges as a cause of action that the defendant unlawfully evicted the plaintiff and his family from the premises lawfully occupied by them, under the color of legal proceedings. The answer of the defendant alleges, *first*, a justification by virtue of proceedings legally taken under the lease; *second*, an affirmative defense of unpaid rent and taxes alleged to be due by the plaintiff to the defendant, by the terms of his lease; *third*, alleged as a counterclaim the same matters set up as the second defense; *fourth*, alleged that he instituted the summary proceedings in good faith; his *fifth* answer is as follows: " On information and belief, he denies each and every allegation set forth in said complaint, except as herein admitted, qualified or explained." On application to the Special Term this fifth answer of the defendant

was stricken out. From the order so made, the defendant appeals to this court.

*John P. Badger,* for the appellant.

*John P. Kellas,* for the respondent.

HERRICK, J. :

"The main object of a pleading is to notify the adverse party of the facts relied upon by the pleader to constitute a cause of action or a defense. The improvement sought to be effected by the system of pleading provided by the Code was to enable each party to know precisely what he would be required to prove upon the trial." (*Linton* v. *U. F. Co.,* 124 N. Y. 533–537.)

The court is also entitled to have pointed out to it clearly and distinctly the points of difference between the parties before it, that it may know the issues to be tried by it ; and for that purpose to know what and how much of the allegations of the respective parties is admitted, and to have such admissions upon the record.

To accomplish these objects the Code of Civil Procedure has made simple but direct requirements. In this case we need consider only those relating to the answer ; as to that the requirements are as follows : "The answer of the defendant must contain :

" 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

" 2. A statement of any new matter constituting a defence or counterclaim, in ordinary and concise language, without repetition." (Code Civ. Proc. § 500.)

A reasonable compliance with these provisions will apprise the court of the precise questions in issue, and point out to the parties what it is necessary for them to prove.

But they are too often disregarded or evaded, and the burden thrown upon the court of studying out from careless or evasive pleadings what the real point in issue is ; and parties are compelled to prove allegations which are undisputed at the trial but evasively denied in the pleadings, and thus needless expense is imposed upon the parties, and litigation unnecessarily prolonged.

It would be an almost endless task to review the various decisions

that have been made under this and a similar section of the old Code of Procedure ; a reference to a few of the principal ones must suffice. Some of the general requirements of an answer under section 500, are well stated in *Baylis* v. *Stimson* (110 N. Y. 621) where the answer referred to specific lines and paragraphs as containing the averments in the complaint which were controverted by the answer ; that court upon appeal had some difficulty in determining just what had been put in issue ; the learned judge writing the opinion said : "I speak thus doubtingly of the answer, for it is so drawn as to be unintelligible except upon careful comparison with the complaint, in order to find out what is denied. In terms it denies nothing, but directs our attention to the whole of the paragraph beginning with the words, 'and the plaintiff,' in folio 11, to the whole of the paragraph beginning in folio 23, with the same words to the last five lines of a paragraph ending in folio 15, the last three of folio 19, the first six lines of folio 20, and avers that as to the truth of such allegations as are there found, the defendant has neither knowledge nor information sufficient to form a belief. It is thus inartificial and troublesome, and not in accordance with any rule of pleading at common law or under the Code. It is, however, careless, no doubt easy for the pleader, but the labor of dissection and discovery as to its meaning is thrown upon the opposite counsel and the court. It belongs to neither. The answer should disclose the defense, whether it be by denial or new matter, without reference to any other pleading ; it should be complete in itself and require neither amplification nor patching from fragments of the complaint. The Code means nothing less when it enacts (§ 500) that the answer must contain 'a denial of each material allegation of the complaint controverted by the defendant,' and what allegations are thus controverted should appear on the face of the answer. The plaintiff's attorney should not be required to look beyond that pleading for such information, nor should the court be required to count lines and measure paragraphs to discover the matters put in issue."

The answer in question here " denies each and every allegation set forth in said complaint, except as herein admitted, qualified or explained." This would be good as a general denial, except for the qualification ; as it is, it is neither a general or specific denial, and under the Code it must be one or the other, or both.

It is also in conflict with the rule laid down in *Baylis* v. *Stimson*. It is not complete in itself, but requires a reference to another pleading to disclose its meaning, and even then that meaning is obscure. "The labor of dissection and discovery, as to its meaning, is thrown upon the opposite counsel and the court." What allegations are controverted do not appear upon the face of the answer.

The courts, however, have been very liberal in construing the provisions of the Code as to pleadings, and also the pleadings themselves, and answers have been held good that did not disclose upon their face the precise allegations controverted, and were obscure in their terms.

In *Calhoun* v. *Hallen* (25 Hun, 155) it was held upon the authority of *Allis* v. *Leonard* (46 N. Y. 688), reported in full in 22 Albany Law Journal, 28, that an answer admitting the making and delivery of a promissory note, and denying every allegation set forth in the complaint, "except as herein admitted, qualified or explained," was a sufficient denial under the Code. The case of *Allis* v. *Leonard* (46 N. Y. 688) was an action upon a promissory note. The answer specifically admitted the making and delivery of the note averred in the complaint, and denied each and every allegation except those expressly admitted.

The case of *Clark* v. *Dillon* (97 N. Y. 370) was an action of negligence, the plaintiff alleging that the defendant caused an excavation to be made in a public street of the city of New York, and left the same unguarded and without protection or guard; that the plaintiff's wife, while passing along said street, in the night time, and without any fault or negligence on her part, fell into the pit that was excavated and was injured. The answer alleged, *first*, that the injuries charged in the complaint were caused, brought about and contributed to by the injured party; *second*, alleged the settlement and compromise of the claim; *third*, they deny each and every other allegation of the complaint "not hereinbefore *specifically* admitted, qualified or denied."

In that case, the decision in *Calhoun* v. *Hallen* was referred to, but neither affirmed nor condemned, the court saying, however, in reference to the answer therein authorized, as follows: "This form of answer has sometimes been criticised as throwing upon the opposite party the necessity of first determining the legal question as to

how far the facts stated may properly be said to qualify or explain others, before the pleader can know what facts are admitted or denied by the pleading. Without, however, attempting to determine whether an answer denying only such facts as are not admitted, qualified or denied by previous allegations in the answer, under the rule established by the Code, requiring facts in plain and concise language alone to be stated, is good pleading or not, it is sufficient to say in this case that the material allegations of the complaint are expressly excepted by the terms in which it is expressed from the operation of the general denial pleaded."

In *Griffin* v. *Long Island R. R. Co.* (101 N. Y. 348) the answer clearly specified what was admitted and what was denied. The court said in reference thereto : " The denial in this answer of ' each and every allegation of the complaint, not hereinabove admitted or controverted,' is a good general denial. What had been before admitted and controverted was clearly specified, and hence there was no doubt or confusion as to the application of this general denial ; and this answer is not, therefore, condemned by the decision in *Clark* v. *Dillon* (97 N. Y. 370)."

The case of *Calhoun* v. *Hallen* (*supra*) is the authority relied upon to sustain denials of the kind in question here. That decision was founded upon that of *Allis* v. *Leonard*, which seems hardly to sustain it. As was said in *Clark* v. *Dillon* (97 N. Y. 370, 377) : " The facts of that case, however, leave no question as to what was admitted or claimed."

Assuming that the case of *Calhoun* v. *Hallen* was properly decided, it is one that should not be followed beyond the precise facts therein set forth ; and in that case the denial was preceded by distinct admission of certain allegations of the complaint, in which respect it differs from the one before us.

It will be observed that in all the cases where a denial couched in language similar to that used in the case before us has been upheld, what had been before admitted or controverted was clearly specified, so that there could be no doubt or confusion as to the application of the general denial.

In the answer in this case there is not a specific denial, admission or qualification of any allegation in the complaint, so that we cannot tell, as in the case of *Clark* v. *Dillon*, what matter in the complaint

is excepted from the operation of the general denial; to ascertain what is denied, admitted, qualified or explained, if either, resort must be had to the complaint and comparison made between its allegations and those of the answer.

It is suggested, and some Special Term decisions have been made upon such suggestion, that the qualifying words be treated as surplusage and stricken out, leaving the balance to stand as a general denial. I cannot assent to such suggestion.

One test of a pleading is whether the party swearing to it can be punished for perjury if its allegations are false; an indictment founded upon such a denial as the one now under consideration could not be sustained by rejecting the qualifying words.

The defendant would have a right to insist that his guilt or innocence should be determined upon the pleading as it was when he swore to it, and not as it was when amended by the court; and that all the words actually used by him in his pleading should be considered.

One of the safeguards against false pleadings is the liability of the party pleading to be indicted and punished for perjury; and to reject as surplusage in the civil proceedings words which in the criminal action would have to be considered is to break down that safeguard. Such words cannot be rejected as surplusage in the one case and held as material in the other.

And considering the denial as it appears, with all its qualifying words, it is difficult to conceive how an indictment upon it for perjury could be sustained.

Denials much less objectionable than the one under consideration have repeatedly been held insufficient. (See *Miller* v. *McCloskey*, 1 Civ. Proc. Rep. 252; *Hoffman* v. *N. Y., etc., R. R. Co.*, 50 N. Y. Super. Ct. 403; *Rosenwald* v. *Hammerstein*, 12 Daly, 377; *Callanan* v. *Gilman*, 67 How. Pr. 464; *People* v. *Snyder*, 41 N. Y. 397, 400; *Luce* v. *Alexander*, 4 Civ. Proc. Rep. 428; affd., 100 N. Y. 613.)

Because, therefore, the denial in this case is neither general nor specific, as required by the Code, the order appealed from should be affirmed.

All concurred, except PUTNAM, J., dissenting.

PUTNAM, J. (dissenting):

This action was brought to recover damages for the unlawful eviction of the plaintiff from the premises described in the complaint, at the instance of the defendant, under a warrant issued by a justice of the peace acting without jurisdiction. The complaint alleged a wrongful intent on the part of the defendant, a wrongful use of the process issued by the justice; also certain facts as to the manner of the eviction, with a view of enhancing damages, and stated such damages at the sum of $600.

In passing upon the question raised upon this appeal it is not necessary to consider the second, third and fourth parts of the answer, the first two of such parts setting up a counterclaim and the fourth alleging good faith on the part of the defendant in obtaining the process set forth in the first defense.

The first part of the answer avers that the plaintiff was in possession of the premises in question under a lease from Mary Peydon, dated February 11, 1893; that defendant afterwards obtained title to the landlord's interest in said lease; that the possession of the plaintiff thereunder was duly terminated, in pursuance of a provision in the said lease, on the 1st day of March, 1897, and that, after such termination, the defendant instituted summary proceedings under the statute before a justice, and after a trial, which resulted in his favor, obtained a warrant to dispossess the plaintiff; and the answer further avers " that the said warrant was delivered to one Herbert S. Hogan, a constable of said town of Moira, and at the request of said officer the defendant and other persons went to the said farm and premises with the said officer, and he and they quietly and gently removed a son of the plaintiff, together with the plaintiff's effects, from the said premises, doing the said son and the said effects no harm or injury whatever; and the said acts of the said officer, and those who were required by him to assist in placing this defendant in the possession of said premises, are the same acts of which the plaintiff complains in this action."

Leaving out of view, as suggested, the 2d, 3d and 4th clauses of the answer, the 5th, which was stricken out by the court below, is as follows: " On information and belief, he denies each and every allegation set forth in said complaint except as herein admitted, qualified or explained."

I am unable to see that there is any difficulty in determining as to what is admitted, qualified or denied in the first part of the answer. It admits that the plaintiff was in possession of the premises at the time stated in the complaint, and was evicted therefrom by a warrant issued by a justice of the peace. It states facts showing that the defendant, at the time the warrant was issued, was legally entitled to the possession of said premises, and the legal proceedings instituted to obtain such possession. What the answer admits, qualifies or explains, is not difficult to determine.

It is also plain what the fifth portion of the answer put in issue. It denied the allegation of the complaint that the justice who issued the warrant acted without jurisdiction; the wrongful intent of the defendant; the circumstances connected with the removal alleged in the complaint with a view of enhancing damages, and the amount of damages claimed in the complaint. It is apparent that should the defendant go to trial with this fifth part of his answer stricken out, he would be in an embarrassing situation.

In the first place, I think that an erroneous practice was adopted in this case. Section 537 of the Code of Civil Procedure does not permit a frivolous answer to be *stricken out*. The remedy of a party injured by such an answer is to apply for judgment on a notice of five days, and a judgment can only be given in such a case where the whole answer is frivolous. An answer may be stricken out as redundant or irrelevant, but the order appealed from was not granted on that ground; and again, it will not be seriously claimed that this answer is either irrelevant or redundant. So an answer may be stricken out as sham; but this answer was not claimed to be such. Also, it has been held that such a remedy only exists where the whole answer is sham, and does not apply where the pleading consists of a general denial.

In my judgment, the plaintiff in this case was mistaken as to his remedy. If the answer interposed by the defendant was subject to objection, it was because the allegations and denials therein were indefinite and uncertain, and the plaintiff should have applied to the court for relief under the provisions of section 546 of the Code of Civil Procedure.

As suggested, it is not at all difficult to understand what allegations of the complaint are admitted, qualified or explained in the

1st clause of the answer, and, hence, what was denied in the fifth part thereof. Such an answer has always been held proper and authorized in the third department. (*Calhoun* v. *Hallen*, 25 Hun, 155; *Tracy* v. *Baker*, 38 id. 263.) So in the first department (*Owens* v. *R. Hudnut's Pharmacy*, 20 Civ. Proc. Rep. 145) and in the Court of Appeals (*Allis* v. *Leonard*, 22 Alb. L. J. 28). What was denied in the 5th clause of the defendant's answer in this case is as plain as the denial held to be sufficient in the case last cited.

The case of *Clark* v. *Dillon* (97 N. Y. 370) does not attempt to overrule *Calhoun* v. *Hallen* (*supra*). In *Griffin* v. *Long Island R. R. Co.* (101 N. Y. 348, 354) it is said: "The denial in this answer of 'each and every allegation of the complaint not hereinabove admitted or controverted' is a good general denial. What had been before admitted and controverted was clearly specified, and, hence, there was no doubt or confusion as to the application of this general denial; and this answer is not, therefore, condemned by the decision in *Clark* v. *Dillon* (97 N. Y. 370)."

In *Baylis* v. *Stimson* (110 N. Y. 621), although the answer there considered was condemned as an improper pleading, it was not determined to be frivolous. The effect of the decision in that case rather was that such answer was indefinite and uncertain.

It is true that section 500 of the Code of Civil Procedure requires a general or specific denial of an answer. But a denial of each and every allegation of a complaint not before admitted, qualified or explained, has been held to be a general denial under the provisions of said section. (*Griffin* v. *Long Island R. R. Co.*, *supra*.)

I think the order from which the appeal is taken should be reversed, and the motion of the plaintiff denied.

Order affirmed, with ten dollars costs and disbursements.