(34 Misc. Rep. 307.)

### ZIMMERMAN v. MEYROWITZ.

(Supreme Court, Special Term, New York County.   March, 1901.)

1. PLEADING—ANSWER.
   Where the answer sets up a defense which contains neither a special nor a general denial, it must be stricken out.

2. SAME—SUFFICIENCY.
   Where an answer denies each and every allegation of the complaint, "except as herein admitted, qualified, or controverted," it is insufficient, unless it is clearly shown what was intended to be covered by the general denial.

3. SAME—NEW MATTER.
   Where an answer sets up new matter, plaintiff is entitled to have the denials distinctly specified, where it is difficult to say what is covered by the general denial.

4. SAME—REITERATED DENIALS.
   Where defendant in his answer reiterates his attempted denials of certain allegations of the complaint, they will be stricken out of the defense.

Action by Charles L. Zimmerman against Emil B. Meyrowitz. Motion to strike out certain parts of the answer.   Motion granted.

J. Noble Hayes, for the motion.
Lockwood & Hill, opposed.

SCOTT, J.   The amended answer which is the subject of attack by the present motion is so inartificially and curiously constructed that it is extremely difficult, without a very close and careful reading of many typewritten pages, to comprehend the scope of the defense.   It certainly should be made more clear and definite, so that the issues to be tried may be properly indicated.   The complaint is a simple one for damages for breach of a written contract.   It sets forth in the first paragraph a written contract entered into between plaintiff and defendant, whereby the defendant agreed to manufacture and sell a certain improved generator for a gas lamp, said to have been invented by plaintiff.   For each generator sold, the defendant agreed to pay plaintiff a specified sum as royalty, and in any event, whether he sold any lamps or not, agreed to pay him a certain sum per year for three years.   The first paragraph contains nothing but the written contract, and an allegation of the making thereof.   The second paragraph charges the breach of the contract, in that the defendant has failed to manufacture and sell the generators, and has failed to pay the specified royalty agreed to be paid in any event, and alleges a demand for the sum agreed to be paid in any event during the first years of the life of the contract.   The amended answer undertakes to set up three defenses.   The first defense consists of two paragraphs corresponding to the two paragraphs into which the complaint is divided.   It states in the first paragraph the defendant's business, the useful purposes which might be served by such a generator as plaintiff claimed to have invented, the uses to which it could be put, and the difficulties in the way of devising one which would be satisfactory.   It states that plaintiff called on defendant and exhibited a generator, which is described

at length; that plaintiff made certain statements as to tests that had been applied to the generator, and the results thereof; and that plaintiff signed the contract relying upon such representations and statements. This allegation follows:

"Defendant, relying upon said representation and undertaking and believing them to be true, and not otherwise, signed the papers set forth in paragraph 1 of said complaint; but this defendant denies that said papers as thus signed by him constitute or ever constituted a valid and binding contract, and, subject to the qualifications hereinbefore contained, he denies the allegations of paragraph 1 of said complaint."

It will readily be seen that this attempted denial is no denial at all. The only allegation of paragraph 1 of the complaint is that defendant executed the contract. He denies this allegation, subject to "the qualifications hereinbefore contained." In the same sentence, however, he admits that he was induced to do so by certain representations. His denial, as thus qualified, is evidently no denial at all. The denial that the paper "constitutes or ever constituted a valid and binding contract" is a conclusion of law, and no denial of any fact alleged in the complaint.

The second paragraph of the first defense in effect admits that no lamps or generators were ever sold, and explains why. The defendant avers that he tried to manufacture them, employing skillful workmen for that purpose, but was unable to produce a satisfactory result, and explains why. He states that, for the reasons set forth, no lamps made according to plaintiff's design were ever sold, or even salable or merchantable, and the invention and scheme were therefore valueless. He alleges on information and belief that plaintiff's representation as to the tests he had made were false, and that plaintiff had no reasonable cause to believe that his invention or plan of lamp was practicable, wherefore he alleges failure of consideration for the contract. This paragraph concludes as follows:

"That, subject to the qualifications hereinbefore contained, this defendant denies the allegations of paragraph 2 of said complaint, and especially denies that he ever at any time guarantied to pay plaintiff any royalty, or that he has failed to manufacture and sell lamps in any other sense or manner than as hereinbefore alleged, and also denies that any sum ever became due to plaintiff from or under said alleged contract; and he denies also all right of plaintiff to elect as in said paragraph of said complaint he claims to have done."

This attempted denial is as ineffective as the one embraced in the first paragraph of the first defense. The paragraph admits that he sold no lamps, and therefore the denial of the allegations of the complaint as to the nonsale of lamps, "subject to the qualifications hereinbefore contained," is no denial of the fact. The denial of any guaranty, or that any sum ever became due to plaintiff, or that the plaintiff has a right to elect, are not denials of allegations of fact, but propositions of law. The Code requires that an answer must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; and (2) a statement of new matter constituting a defense or counter-

claim, in ordinary and concise language, without repetition. As will be seen, the first defense contains, as thus far considered, neither a general nor specific denial of any allegation of the complaint, but certain pretended denials, so qualified as to be ineffective. The first defense contains, however, a third paragraph, as follows: "This defendant denies each and every allegation of the complaint except as herein admitted, qualified, or controverted." A denial in form similar to this has sometimes been sustained, but only where what had been before admitted, qualified, or controverted was clearly specified, so that there could be no doubt as to what was intended to be covered by the general denial. Barton v. Griffin, 36 App. Div. 572, 55 N. Y. Supp. 477. In the present answer it was impossible to say with certainty what allegations of the complaint are intended to be covered by the general denial. The plaintiff is entitled to know, first, what he would be called upon to meet, and has the right to ask that the defendant's denials, if, indeed, he denies anything, shall be distinctly specified and separated from the new matter, so that the issues can be clearly defined. This is evidently what was contemplated by section 500, Code Civ. Proc.

The second defense seeks to annul the contract for the false representations made by plaintiff in inducing defendant to enter into it. It starts with this phrase: "This defendant, repeating the allegations contained in paragraphs 1 and 2 herein, and alleging the same as if here repeated, further alleges," etc. By this form of pleading the defendant reiterates his attempted denials of certain of the allegations in the complaint, and by so doing possibly prevents the interposition of a demurrer to the defense, and certainly renders the preparation of a reply very difficult. These denials, if of any value, have already been pleaded, and the defendant gains nothing by their repetition. They should, therefore, be stricken out of the defense. Stieffel v. Tolhurst, 55 App. Div. 533, 67 N. Y. Supp. 274.

The same rule applies to the third defense. The defendant, within the rules of pleading, has the right to frame his answer to suit himself, and he certainly is entitled to avail himself of any and every defense he may deem himself entitled to upon the law or facts. But in framing his answer he must be guided by the rules regulating the form in which such pleadings are to be drawn. This he has signally failed to do.

The motion will therefore be granted to this extent: That the amended answer be made more definite and certain by separating the denials contained in the first defense from the new matter stated therein, and by clearly indicating what material allegations of the complaint are intended to be denied. For failure to so amend the answer within 10 days, the attempted denials at folios 9, 12, and 13 of the amended answer will be stricken out. That there be stricken out of the second and third defenses as redundant so much thereof as consist of repetitions of the attempted denials contained in the first defense. And that the plaintiff have $10 costs of this motion.

Ordered accordingly.