EBLING BREWING CO. v. ADLER.

(Supreme Court, Appellate Term.   March 14, 1907.)

1. PLEADING—FORM AND ALLEGATION—IRRELEVANCY AND REDUNDANCY—MOTION TO STRIKE OUT.

A paragraph of an answer stating a good denial will not be stricken out as redundant or irrelevant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1156.]

2. SAME.

The separate stating and numbering of defenses will not be ordered on a motion to strike redundant and irrelevant matter.

3. SAME—SEPARATE STATEMENTS AND NUMBERING.

A separate statement and numbering of defenses in a paragraph that contains but a single defense will not be ordered.

Appeal from City Court of New York, Special Term.

Action by the Ebling Brewing Company against Philip Adler.   From an order of the City Court, striking out certain paragraphs of defendant's answer, he appeals.   Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

M. Hallheimer, for appellant.

Nathan, Leventritt & Perham (William L. Cahn, of counsel), for respondent.

DAVIS, J.   This is an appeal from an order striking out certain paragraphs of defendant's answer and requiring him to separately state and number an alleged defense of payment and of the statute of limitations. The notice of motion purports to be for an order requiring defendant to make his answer more definite and certain.   But the changes sought in the notice of motion and compelled by the order herein should be the subject of a motion to strike out as irrelevant, redundant, or scandalous.   Section 545, Code.   The demand to separately number the defenses is excepted, of course; that being properly the subject of a motion to make more definite and certain.   Section 546, Code.

In its notice of motion the plaintiff asks that five different parts of the answer be stricken out.   The court below evidently treated the motion as one to strike out redundant and irrelevant matter, and so it will be treated on this appeal.   We think it was error to strike out paragraph 1 of the answer.   It is a good denial.   Griffin, Rec'r, v. L. I. R. R., 101 N. Y. 348, 354, 4 N. E. 740.   The case of Barton v. Griffin, 36 App. Div. 572, 55 N. Y. Supp. 477, is not in point.   In that case the denial was qualified by the words "qualified or explained."

We also think it was error to strike out the part designated under (b) in the order.   This part contains specific denials of the allegations of paragraph 5 of the complaint.   It was error to strike out all of paragraph 3.   The first part of this paragraph attacks the assignment pleaded in paragraph 7 of the complaint as a forgery.   But the remainder of paragraph 3 of the answer was properly eliminated, and the same is true of paragraph 5 of the answer.

The demand for a separate stating and numbering of defenses assumed to be set forth in paragraph 4 should have been made in a motion

to make definite and certain. So far as the order granted this part of the motion, it is error, not alone, however, because it was granted in this form of motion, but also because two causes of action are not stated in that paragraph. The defense of the statute of limitations is the only defense alleged there.

The order below, however, should be affirmed, so far as it strikes out as irrelevant and redundant that part of paragraph 4, beginning with the words "without giving," and thence as far as the words "hence this defendant." Inasmuch as the defendant was forced to appeal, the order below having practically destroyed his answer, he should have the costs of this appeal, and be relieved of the payment of the $10 motion costs below.

The order appealed from is modified, as above indicated, and, as modified, affirmed. All concur.