THE HAGEDORN-MERZ Co., a Corporation, Appellant, *v.* JOHN J. BURNS, Respondent.

Third Department, May 10, 1917.

Pleading — remedy for frivolous pleading — motion to strike out answer or part thereof as frivolous, unauthorized — appeal — order denying motion to strike out denial in answer as frivolous not appealable.

The Code of Civil Procedure does not authorize the striking out of an answer or any part thereof on the ground that it is frivolous.

The remedy for a frivolous pleading is a motion for judgment thereon under section 537 of the Code of Civil Procedure. But the relief afforded by this section can only be granted where the whole answer is frivolous, where there is no affirmative defense, the theory being that there is, in effect, no answer at all and, therefore, the plaintiff should have judgment as for a failure to answer.

On granting a motion for judgment on the ground of the frivolousness of the pleading, the pleading adjudged to be frivolous is not stricken out but remains upon the record and becomes a part of the judgment roll.

A plaintiff is not entitled to appeal from so much of an order denying his motion for judgment on an answer as frivolous as denies his motion to strike out a denial as frivolous, as he is not " a party aggrieved " within the meaning of section 1294 of the Code of Civil Procedure. He will be deemed to have appealed from the whole order.

KELLOGG, P. J., dissented, with opinion.

APPEAL by the plaintiff, The Hagedorn-Merz Co., from an order of the Supreme Court, made at the Ulster Special Term

and entered in the office of the clerk of the county of Sullivan on the 29th day of May, 1916, denying plaintiff's motion for an order striking out the portion of the answer herein which denies "each and every other allegation contained in said complaint, except as hereinafter admitted, qualified or explained" as frivolous and for judgment on the pleadings.

*John D. Lyons*, for the appellant.

*Arthur C. Kyle*, for the respondent.

SEWELL, J.:

The notice of appeal states that the appeal is from an order granted herein at a Special Term of the Supreme Court, "entered in the Sullivan county clerk's office on May 29, 1916, denying plaintiff's motion that that portion of the answer herein which 'denies each and every other allegation contained in said complaint except as hereinafter admitted, qualified or explained' be stricken out as frivolous."

In reviewing the order appealed from it is not necessary to express an opinion with respect to the form of the denial, for, assuming that it does not controvert any allegation of the complaint, and is, therefore, frivolous it should not be stricken out on that account.

The Code of Civil Procedure does not authorize the striking out of an answer or any part of an answer on the ground that it is frivolous. (*Briggs* v. *Bergen*, 23 N. Y. 162; *Fettretch* v. *McKay*, 47 id. 426.)

The remedy for a frivolous pleading is a motion for judgment thereon under section 537 of the Code of Civil Procedure. (*Rochkind* v. *Perlman*, 123 App. Div. 808; *Strong* v. *Sproul*, 53 N. Y. 497.) The relief afforded by this section can, however, only be granted where the whole answer is frivolous, where there is no affirmative defense, the theory being that there is in effect no answer at all, and, therefore, the plaintiff should have judgment as for a failure to answer. (*Soper* v. *St. Regis Paper Co.*, 76 App. Div. 409; *Reese* v. *Walworth*, 61 id. 64; *Barton* v. *Griffin*, 36 id. 572.)

In this case the answer also sets up sufficient facts to entitle the defendant to prove the alleged breach of warranty. He

is entitled to a trial, and to have the facts determined upon evidence in the usual manner.   The plaintiff seems to concede that he was not entitled to judgment upon the pleadings, but contends that the appeal is only from that part of the order that denied the motion to strike out the denial and that this refusal affected a substantial right.

I think that the whole order is before us upon this appeal. The notice of appeal is not from so much of the order as denies the motion to strike out the denial.  It is not from a specified part, but from the order, entered as stated therein, which denied the motion for judgment on the answer as frivolous.   That was the only determination that could be made.   The application to strike out was not a material or proper part of the motion.   On granting a motion for judgment, on the ground of the frivolousness of a pleading, the pleading adjudged to be frivolous is not stricken out, but remains upon the record and becomes a part of the judgment roll.   A judgment granted on the motion of frivolousness of a pleading is rendered on the pleading and not without it, and the pleading remains in the case.   (*Briggs* v. *Bergen*, 23 N. Y. 162.)

If this appeal is not from the whole order; if the order should be regarded as separated, and the appeal only from the part " denying plaintiff's motion that that portion of the answer herein which ' denies each and every other allegation contained in said complaint, except as hereinafter admitted, qualified or explained,' " it should be dismissed.   It is only " a party aggrieved " by an order of the Special Term who may appeal therefrom. (Code Civ. Proc. § 1294.)   The plaintiff was not aggrieved by this part of the order, because, as before observed, the Code does not authorize the striking out of a denial as frivolous.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

All concurred, except KELLOGG, P. J., who favored modification and affirmance as per opinion.

KELLOGG, P. J. (dissenting):

The complaint is for shirt waists sold and delivered between the 25th day of May and the 11th day of September, 1915,

both inclusive, of the value and agreed price of $238.75.   The first answer admits the corporate capacity of the plaintiff and the business and residence of the defendant.   The second answer denies " each and every other allegation contained in said complaint, except as hereinafter admitted, qualified or explained."   The third answer alleges that prior to the eleventh day of September defendant ordered of the plaintiff certain goods, wares and merchandise, consisting of a quantity of ladies' shirt waists, and then sets up warranties or representations and a breach thereof.   The second answer is manifestly neither a general nor a specific denial of any allegation of the complaint, and is bad pleading.   (*Barton* v, *Griffin*, 36 App. Div. 572.)

We need not consider whether the real remedy of the plaintiff was to move to strike out this answer as frivolous under section 537 of the Code of Civil Procedure, or a motion to make it more definite and certain under section 546.   If the allegation was indefinite and uncertain, and the indefiniteness was prejudicial to the plaintiff, or might be prejudicial to the plaintiff, he was entitled to some remedy.   It is true that section 537, in the case of a frivolous pleading, contemplates a motion for judgment; but in the *Barton* case this court sustained an order striking out such an answer as frivolous.

The plaintiff may urge that it is not entirely clear from the answer what is admitted.   If it is not evident that this answer can do him no harm, he is entitled to relief, as a defendant, by an improper pleading, cannot prejudice the plaintiff or put his rights in jeopardy.   We have seen that the complaint alleges that during five months shirt waists of the value and agreed price of $238.75 were sold by the plaintiff to the defendant.   There is nothing in the answer admitting this allegation except the bare statement that prior to September the defendant did buy of the plaintiff certain goods, wares and merchandise, consisting of a quantity of ladies' shirt waists.   This allegation is not as broad as the allegation of the complaint.   It says certain "shirt waists"—not $238.75 worth.   The plaintiff is not obliged to guess what the decision of the court would be when defendant contends that that statement in the answer is not an admission of all of the sales

claimed. Technically, if two shirt waists were bought on a *quantum meruit*, the allegation of the answer would be justified. It cannot be told from the answer and the complaint how many of the waists were bought or what the value and agreed price was. Therefore, the denial is prejudicial to the plaintiff. The motion papers ask to have this answer stricken out " and for such other and further relief, or both, in the premises as may be just." I favor a modification of the order so as to allow the defendant to amend that part of the answer within ten days, and if he does not amend it that it be stricken from the pleading, and as so modified the order should be affirmed, with costs.

Order affirmed, with ten dollars costs and disbursements.