KATZ UNDERWEAR COMPANY, Appellant, *v.* JOHN J. BURNS, Respondent.

Third Department, May 10, 1917.

**Pleading — goods sold and delivered — answer — allegations insufficient to constitute counterclaim or valid defense.**

Where a defendant sued for goods sold and delivered alleges as a defense that the goods ordered were represented by the plaintiff to be first class in every respect and extra good value for the price quoted, when as a matter of fact they were not first class or extra good value, but were inferior and of less value than the price charged, the plaintiff is entitled to judgment on the pleadings under section 547 of the Code of Civil Procedure.  This because the denial does not put in issue any material allegations of the complaint and does not constitute an offset or counterclaim, not being pleaded as such.

KELLOGG, P. J., dissented in part, with opinion.

APPEAL by the plaintiff, Katz Underwear Company, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Sullivan on the 29th day of May, 1916, denying a motion to strike out paragraph " second " of the answer as frivolous and for judgment on the pleadings.

*John D. Lyons,* for the appellant.

*Arthur C. Kyle,* for the respondent.

SEWELL, J.:

The complaint in this action is for goods sold and delivered to the defendant. The answer starts out with an admission that the plaintiff is a corporation and the defendant a resident of Sullivan county, State of New York. Following this is a denial of " each and every other allegation contained in said complaint, except as hereinafter admitted, qualified or explained."

The defendant then alleges as follows: " Further answering said complaint and as a defense thereto, the defendant alleges that prior to the 24th day of August, 1915, he ordered from the above-named plaintiff certain goods, wares and merchandise consisting of a quantity of ladies' shirt waists. That the goods were represented by the said plaintiff to be first class in every respect and to be extra good value for the prices quoted. * * * That as a matter of fact, they were not first class goods, were not extra good value at the prices quoted, and were of inferior quality and make, and were not of the value or class of goods ordered by this defendant. That the value of the goods not paid for was much less than the price charged for the same. Wherefore, defendant demands judgment that the complaint herein be dismissed with costs."

It is apparent that the denial does not put in issue any material allegations of the complaint. It is equally apparent that the answer does not contain, as found by the Trial Term, " an offset * * * well pleaded," but only matters alleged as a defense. It is well settled that where a defendant insists upon a counterclaim it must be pleaded as such, and unless that is done it can be resorted to and used only as a defense. (*Pratt & Whitney Co.* v. *Pneumatic Tool Co.,* 50 App. Div. 369; *Bates* v. *Rosekrans,* 37 N. Y. 409; *DeGraaf* v. *Wyckoff,* 118 id. 1.)

I think, therefore, that the plaintiff was entitled to judgment under section 547 of the Code of Civil Procedure. That section provides that " If either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly."

. It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with ten dollars costs.

All concurred, except KELLOGG, P. J., who favored modification and affirmance as per opinion.

KELLOGG, P. J. (dissenting):

The complaint is for shirt waists sold and delivered between the 25th day of May and the 11th day of September, 1915, both inclusive, of the value and agreed price of $238.75. The first answer admits the corporate capacity of the plaintiff and the business and residence of the defendant. The second answer denies " each and every other allegation contained in said complaint, except as hereinafter admitted, qualified or explained." The third answer alleges that prior to the eleventh day of September defendant ordered of the plaintiff certain goods, wares and merchandise, consisting of a quantity of ladies' shirt waists, and then sets up warranties or representations and a breach thereof. The second answer is manifestly neither a general nor a specific denial of any allegation of the complaint, and is bad pleading. (*Barton* v. *Griffin,* 36 App. Div. 572.)

We need not consider whether the real remedy of the plaintiff was to move to strike out this answer as frivolous under section 537 of the Code of Civil Procedure, or a motion to make it more definite and certain under section 546. If the allegation was indefinite and uncertain, and the indefiniteness was prejudicial to the plaintiff, or might be prejudicial to the plaintiff, he was entitled to some remedy. It is true that section 537, in the case of a frivolous pleading, contemplates a motion for judgment; but in the *Barton* case this court sustained an order striking out such an answer as frivolous.

The plaintiff may urge that it is not entirely clear from the answer what is admitted. If it is not evident that this answer can do him no harm, he is entitled to relief, as a defendant, by an improper pleading, cannot prejudice the plaintiff or put his rights in jeopardy. We have seen that the complaint alleges that during five months shirt waists of the value and agreed price of $238.75 were sold by the plaintiff to the defendant. There is nothing in the answer admitting this

allegation except the bare statement that prior to September the defendant did buy of the plaintiff certain goods, wares and merchandise, consisting of a quantity of ladies' shirt waists. This allegation is not as broad as the allegation of the complaint. It says certain " shirt waists "— not $238.75 worth. The plaintiff is not obliged to guess what the decision of the court would be when defendant contends that that statement in the answer is not an admission of all of the sales claimed. Technically, if two shirt waists were bought on a *quantum meruit*, the allegation of the answer would be justified. It cannot be told from the answer and the complaint how many of the waists were bought or what the value and agreed price was. Therefore, the denial is prejudicial to the plaintiff. The motion papers ask to have this answer stricken out " and for such other and further relief, or both, in the premises as may be just." I favor a modification of the order so as to allow the defendant to amend that part of the answer within ten days, and if he does not amend it that it be stricken from the pleading, and as so modified the order should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion for judgment granted, with ten dollars costs.