Walter B. Hart, J.
Plaintiff moves pursuant to rule 102 of the Buies of Civil Practice for an order requiring defendant Luckenbach to serve an amended answer so as to make it more definite and certain and to set forth admissions and denials with relation to the specific paragraphs of the complaint.
The complaint insofar as it relates to the moving defendant alleges three separate and distinct causes of action containing 28 allegations. The answer by three separate paragraphs purports to answer each respective cause of action. Illustrative of the shortcomings of the answer criticized by plaintiff is defendant’s first paragraph which is replete with admissions and assertions extending over two pages and then concludes: “ Except as admitted or denied, denies each and every allegation contained in paragraphs First through Seventeen of the complaint.”
This is clearly improper. Section 261 of the Civil Practice Act provides:
“ Contents of answer. The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant or of any information thereof sufficient to form a belief.
“ 2. A statement of any new matter constituting a defense or counterclaim. ’ ’
Defendant has failed to answer responsively the numbered allegations of the complaint and thus renders the trial of the action more difficult for the court as well as counsel. It would be all but impossible for plaintiff to submit the pleadings properly marked at the time of trial as required by rule 160 of the Buies of Civil Practice or on intermediate motions. This is required for the convenience of the court so that it may readily determine what issues are involved. As stated by the court in Koester v. Koester (254 App. Div. 756): “ Paragraph I of the amended answer does not make clear which allegations of the complaint are admitted and which are denied. The plaintiff and the court are entitled to an answer drawn in such form that it conveniently shows what the issues are.” In Baylis v. Stimson (110 N. Y. 621, 623, 624), the Court of Appeals stated: “ the labor of dissection and discovery as to its meaning is thrown upon the opposite counsel and the court. It belongs to neither. The answer should disclose the defense, whether it be by denial or new matter, without reference to any other pleading; it should be complete in itself and require neither amplification nor patching from fragments of the complaint. The Code means nothing less when it enacts (§ 500) that the answer must contain 1 a denial of each material allegation of the complaint contro *58 verted by the defendant, ’ and what allegations are thus controverted should appear on the face of the answer. The plaintiff’s attorney should not be required to look beyond that pleading for such information, nor should the court be required to count lines and measure paragraphs to discover the matters put in issue.”
The opinion of the court in Stroock Plush Co. v. Talcott (129 App. Div. 14, 15) is apposite. The contention advanced by defendant that rule 102 of the Rules of Civil Practice is unavailable to obtain the, requested relief since the objections may be raised only to affirmative defenses or counterclaims is untenable. The rule permits the application for the order 1 ‘ If any matter contained in a pleading * * * [that the] application thereof is not apparent ’ ’. In any event the cases heretofore cited establish the invalidity of the contention. An answer in proper form will assist the court and facilitate and expedite the disposition of the action.
Defendant to sustain the propriety of its answer attacks the form of the complaint. An examination of that pleading discloses that it contains the “ plain and concise statement of the material [ultimate] facts ” mandated by section 241 of the Civil Practice Act and readily permits the denials contemplated by section 261 of the Civil Practice Act. In any event, if the complaint were defective in form defendant had a remedy available to it.
Accordingly, the motion is granted and defendant is directed to serve an amended answer in the form provided for by section 261 of the Civil Practice Act.